**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Rodney Russell TRUDEAU, Defendant and Appellant.**

**Cr. No. 910412.**

Supreme Court of North Dakota.

June 1, 1992.

NDREv 902(10) and NDCC 31–04–10.

Constance L. Cleveland, Asst. States Atty. (argued), Fargo, for plaintiff and appellee.

Gackle, Johnson, Rodenburg and Trader, Fargo, for defendant and appellant; argued by Bruce D. Johnson.

ERICKSTAD, Chief Justice.

Rodney Trudeau appeals from the order of the District Court for Cass County denying his motion to correct a sentence pursuant to Rule 35(a), N.D.R.Crim.P. We reverse and remand with instructions.

On April 9, 1991, Rodney Trudeau was arrested and charged with disorderly conduct and possession of controlled substances and drug paraphernalia. On April 10, 1991, Trudeau was released from custody on personal recognizance. On April 30, 1991, Trudeau was arrested and charged with two felony counts of delivery of controlled substances involving the sale of marijuana to undercover Fargo police officers in September and October of 1990. Bail was set at $5,000 cash or surety bond.

On May 31, 1991, Trudeau was sentenced in Cass County Court on the disorderly conduct and possession of controlled substances and drug paraphernalia charges arising from the April 9, 1991, arrest. On the disorderly conduct charge, Trudeau was sentenced to 30 days in the Cass County Jail "with credit time already served" and "jail time [to] commence forthwith." On the possession of controlled substances and drug paraphernalia charges, Trudeau was sentenced to serve one year in the Cass County Jail on each count with the sentences suspended for two years.

On June 6, 1991, a second disorderly conduct charge was filed. This charge was based on conduct which had occurred on or about April 29, 1991, while Trudeau was out on bail for the first disorderly conduct charge. On August 5, 1991, Trudeau was sentenced on the second disorderly conduct charge to serve 30 days "with credit for 30 days already served."

On October 11, 1991, Trudeau was sentenced on each of the two counts of delivery of controlled substances to five years in the State Penitentiary with three years suspended and with supervised probation during the suspended period. The sentences were to run concurrently. Although Trudeau had remained in custody from the date of his arrest on the delivery charges on April 30, 1991, until the date of sentencing, no credit for time previously spent in custody was given.[1]

---

1. At the sentencing hearing in this case, the issue of credit for time previously spent in custody was not addressed. The attorneys involved in a given case share responsibility for ensuring that the matter of credit for time previously spent in custody is brought to the attention of the court.

On or about November 14, 1991, Trudeau moved the district court, pursuant to Rule 35(a), N.D.R.Crim.P., to correct his sentence and give him credit for 165 days spent in custody.[2] The State resisted in part asserting that Trudeau was only entitled to 106 days credit. The district court, on or about November 25, 1991, denied Trudeau's motion in its entirety, giving no credit for any time spent in custody. This appeal followed.[3]

Pertinent to this appeal is section 12.1–32–02(2), N.D.C.C., which reads:

"2. Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed, or as a result of the conduct on which such charge was based. 'Time spent in custody' includes time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal."

Trudeau asserts that under section 12.1–32–02(2), N.D.C.C., the district court was required to give him credit for the 165 days he was in custody prior to being sentenced on October 11, 1991. The State asserts that Trudeau is only entitled to 106 days credit because 59 of the 165 days were served or credited to the disorderly conduct charges.[4] Trudeau argues that on the dis-

---

**2.** Trudeau actually moved for credit of 166 days. However, counsel for Trudeau apparently was under the impression that Trudeau had been in custody from April 29, 1991, until October 11, 1991, when in actuality Trudeau was not placed in custody until April 30, 1991. The warrant for Trudeau's arrest was issued on April 29, 1991, but the sheriff's return indicates that Trudeau wasn't arrested until April 30, 1991.

**3.** Some of the confusion in this case arises from the less than clear language of the disorderly conduct sentences and an incomplete record.

**4.** The application of presentence credit statutes such as section 12.1-32-02(2), N.D.C.C., to fact situations involving presentence custody on multiple charges and multiple sentencing proceedings is not a simple matter. *See generally In re Joyner*, 48 Cal.3d 487, 256 Cal.Rptr. 785, 769 P.2d 967 (1989); *People v. Adrian*, 191 Cal. App.3d 868, 236 Cal.Rptr. 685 (5th Dist.1987); *People v. Comai*, 210 Cal.App.3d 1020, 232 Cal. Rptr. 366, 373 (4th Dist.1986) (review granted and opinion superseded by *People v. Comai*, 234 Cal.Rptr. 596, 732 P.2d 542 (1987) and cause transferred by *People v. Comai*, 260 Cal.Rptr. 182, 775 P.2d 507 (1989)); *People v. Cornett*, 165 Cal.App.3d 752, 212 Cal.Rptr. 24 (5th Dist.1985) (abandoned by *People v. Adrian*, 236 Cal.Rptr. 685); *In re Atiles*, 33 Cal.3d 805, 191 Cal.Rptr. 452, 662 P.2d 910 (1983) (disapproved of by *In re Joyner*, 48 Cal.3d 487, 256 Cal.Rptr. 785, 769 P.2d 967). The California Court of Appeals for the 5th District explained some of the issues that arise as follows:

"If the defendant is arrested and charged with multiple offenses, the presentence time is credited against the term imposed on each crime where concurrent sentences are imposed. Thus, if the multiple crimes are prosecuted in a single proceeding and concurrent sentences are ordered, it makes no difference that the crimes were committed at different times. The credits become effective 'together' on each crime at the time of sentencing.

"Quite a different result occurs when there are two or more *proceedings* leading to sentencing at different times. The last court to order the sentence executed must declare whether the multiple convictions run concurrently or consecutively. If ordered to run concurrently, the resulting combination of terms to be served does not alter the credit allocation or starting points. An order that sentences run concurrently does not mean they all start over so each has a common beginning: '[S]entences may be concurrent, i.e., may run together, without either starting together or ending together. What is meant is that they run together during the time that the periods overlap.'

"Because credits are not reallocated when the sentences imposed in separate proceedings are ordered to run concurrently, there may be 'dead time' of the kind concerning the majority in *Atiles* [, 191 Cal.Rptr. 452, 662 P.2d 910]. 'Dead time' is a popular reference to the loss of earned credits resulting from a staggered pattern of concurrently running multiple terms imposed in different proceedings. For example, it occurs when the credits apply only to a short term imposed in the first case, and a second sentencing court then orders all the terms to be served concurrently, but the last imposed term, with its own credits, is the longer one and will expire last. The credits on the first, shorter term, thus become meaningless. In contrast, however, if the last imposed concurrent term is the shorter of the two, its credits are of no practical consequence.

" 'Dead time' may also occur when concurrent sentences are made impossible because the term imposed in the first proceeding in which sentencing occurs is fully served before

orderly conduct sentences he was given or permitted credit for time in custody in connection with the felony delivery charges. Accordingly, Trudeau argues that the county court, in effect, made the disorderly conduct sentences concurrent with the later felony delivery sentences.[5]

On May 31, 1991, Trudeau was sentenced "to serve 30 days in the County Jail with credit time already served. The jail time will commence forthwith." The State asserts that this sentence gave Trudeau credit for the one day he had spent in custody between April 9 and 10, 1991, and required him to serve 29 days thereafter. Trudeau asserts that this sentence merely credited time previously spent in custody including 29 days spent in custody awaiting trial as the result of the felony delivery charges. However, Trudeau has not asserted and there is nothing in the record before us which indicates that Trudeau's release on the first disorderly conduct charge on April 10, 1991, was ever revoked. It follows that Trudeau was not in custody as a result of the charge for which he was sentenced on May 31, 1991, except for the one day between April 9 and 10, 1991. *See* *State v. Sorensen*, 482 N.W.2d 596 (N.D. 1992). Thus, Trudeau was only *entitled* to credit of one day on the May 31, 1991, sentence.

However, Trudeau argues that although the county court was not required to "give" him credit for time spent in connection with the felony delivery charges prior to the May 31, 1991, sentence, it nevertheless "permitted" him credit for such time. Had the county court meant to permit credit for time spent solely in connection with an unrelated charge it should have specifically said so. As there was at least one day for which the trial court was required to give credit toward the May 31, 1991, sentence and as the trial court additionally said that "the jail time will commence forthwith," Trudeau's interpretation is unreasonable. Accordingly, we conclude that Trudeau served 29 days pursuant to the May 31, 1991, sentence.

In *State v. Eugene*, 340 N.W.2d 18 (N.D. 1983), we concluded that a defendant was not entitled to credit "for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced." *Id.* at 35. We reasoned that the defendant's custody was a direct result of his or her serving an unrelated sentence, and not his or her inability to make bail. *Id.* We adhere to our holding in *State v. Eugene*, and conclude that Trudeau is not entitled to credit on the felony sentences for the 29 days he served in connection with the unrelated May 31, 1991, sentence. Trudeau's inability to make bail on the felony delivery charges was not relevant to his custody during the 29 days he served on the first disorderly conduct charge.

On August 5, 1991, Trudeau was sentenced "to serve 30 days in the County Jail with credit for 30 days already served."

sentence is imposed in the second. 'Dead time' is of significance when the opportunity to maximize the potential for concurrent sentences is the objective. It is of little or no importance when the main concern is full punishment for multiple offenses prosecuted in separate proceedings."
*People v. Adrian*, 236 Cal.Rptr. at 689–690 (citations omitted) (emphasis in original).

In North Dakota, in light of a trial court's broad discretion in fashioning an appropriate sentence, many of these rather obtuse issues could be avoided by simply resolving any doubt in the defendant's favor with an eye toward ensuring that indigents receive the same total sentence package as those able to post bail.

5. As a general proposition, the "decision as to whether sentences imposed at different times shall run consecutively or concurrently should

be made by the last judge imposing sentence." 24 C.J.S. *Criminal Law*, § 1524 (1989). Recognizing the inherent problems that could otherwise arise, some courts have held that a "trial court may not require a sentence otherwise properly imposed to be served consecutively to some other sentence not yet imposed in another pending case." *People v. Flower*, 644 P.2d 64, 66 (Colo.App.1981). *See also State v. Mastrilli*, 62 Or.App. 464, 661 P.2d 124 (1983); *State v. Bell*, 6 Kan.App.2d 573, 631 P.2d 254 (1981). Also, we recognize that as a practical matter, a court cannot sentence someone to a term of confinement to be served concurrently or consecutive to a term which has already been completed.

We do not decide whether or not a court can order its sentence to run concurrently with a sentence not yet imposed. Suffice it is to say that the county court in this case did not specifically so order.

Unlike the previous disorderly conduct sentence, the court, in its August 5, 1991, sentence, explicitly gave credit for 30 days previously spent in custody. Trudeau asserts that his custody was, at all times, directly the result of his inability to post the bond on the felony delivery charges. Accordingly, Trudeau asserts that he was not in custody *as a result of* the disorderly conduct charge but was in custody for the felony charges and that, therefore, the county court did not have to give him 30 days credit. By permitting him credit for time spent in custody as a result of the felony delivery charges, Trudeau argues that the county court, in effect, made the sentences concurrent.

Although the record before us does not affirmatively establish the fact, the States Attorney asserted at oral argument that bail was set at $1,000 at Trudeau's arraignment on the second disorderly conduct charge. Trudeau apparently does not dispute this fact. Trudeau's argument thus appears to rest on the assumption that credit, for section 12.1–32–02(2) purposes, applies to whatever charge is first brought for which the defendant is unable to post bail. However, given our disposition of this case, we need not decide whether the county court gave mandatory credit pursuant to section 12.1–32–02(2), or rather merely "permitted" Trudeau 30 days credit.[6]

Section 12.1–32–02(2) requires a court to give a criminal defendant, upon sentencing, credit for all time spent in custody as a result of the criminal charge or conduct for which the sentence is being imposed. Credit under section 12.1–32–02(2) is mandatory.

■ Although a court need only give credit toward one of consecutive terms of imprisonment it imposes, *State v. Arcand*, 403 N.W.2d 23 (N.D.1987), where the sentences in question have been given in different proceedings, the issue of credit allocation should not arise. The issue in this case is solely whether or not presentence custody "was the result of" the criminal charge or conduct for which the sentence is being imposed.

In *State v. Eugene*, we concluded that credit was appropriate where a defendant's presentence custody was the result of his or her inability to make bail, but was not appropriate for time served in connection with an unrelated charge.

■ The issue in this case thus narrows to whether or not time credited toward an unrelated charge is the retroactive equivalent of time served pursuant to an order of commitment. We conclude that it is. Time spent in custody that has been credited toward a sentence is effectively the same thing as time served pursuant to a sentence. *See generally In re Joyner*, 48 Cal.3d 487, 256 Cal.Rptr. 785, 769 P.2d 967, 969 (1989).

■ Accordingly, we hold that, where time spent in custody has been credited toward an unrelated charge, a defendant is not entitled to credit for that period of time on any other sentence.

■ Because 59 of the 165 days Trudeau spent in custody, from the date of his arrest on the felony delivery charges to the eventual date of sentencing, were served or credited toward the wholly unrelated disorderly conduct charges, Trudeau is not entitled to credit for these days.

■ The remaining 106 days were served as a result of Trudeau's inability to make bail on the felony delivery charges and, pursuant to section 12.1–32–02(2), N.D.C.C., Trudeau is entitled to have these days credited against his sentence.

For the aforementioned reasons, the order of the district court denying Trudeau's motion to correct his sentence is reversed, and we remand with instructions that Trudeau be given 106 days credit toward his sentence of October 11, 1991.

---

6. We recognize that any resolution of the issue of whether or not the county court was required to give credit for days served on the second misdemeanor charge would turn on the degree of causation required between a certain charge and presentence custody, under section 12.1–32–02(2), N.D.C.C. *See generally In re Joyner*, 256 Cal.Rptr. 785, 769 P.2d 967 (1989).

JOHNSON, LEVINE and MESCHKE, JJ., concur.

VANDE WALLE, J., concurs in the result.