PER CURIAM.
Appellant, James Davis, appeals an order revoking community control, contending that the trial court did not enter a written order of revocation, and that it imposed a split sentence of incarceration and probation without credit for time previously spent on community control. We reverse and remand for further proceedings.
Pursuant to a conviction of aggravated child abuse, a second-degree felony, Davis was ordered to serve two years of community control, which included the special condition that he serve 180 days in county jail, followed by eight years’ probation and five years’ administrative probation. He had served both the jail sentence and approximately one month of community control before an affidavit of violation was filed. The trial court revoked Davis’s community control and sentenced him to seven years in prison, with credit for 309 days time served, to be followed by eight years’ probation.
The trial court’s written order of revocation failed to state the ground upon which revocation was based. We affirm the order, but remand with directions to the court to include in the written order the violation orally pronounced at the revocation hearing. Gregg v. State, 643 So.2d 106 (Fla. 1st DCA 1994).
The trial court properly credited Davis with the 180 days he served in county jail against the incarcerative portion of his new sentence, but it erroneously did not credit him for the period of community control served after release from jail. Any time previously spent on community control must be credited against a newly imposed term of probation to ensure that the combined terms of incarceration and probation or community control do not exceed the statutory maximum. Waters v. State, 662 So.2d 332 (Fla.1995); Gardner v. State, 656 So.2d 933 (Fla. 1st DCA 1995). Because the trial court sentenced Davis to seven years in prison, to be followed by eight years’ probation, which meets the 15-year statutory maximum, all time previously served must be credited against his newly imposed terms of imprisonment and probation for the same offense.
*887 REVERSED and REMANDED for farther proceedings consistent with this opinion.
ERVIN, MINER and MICKLE, JJ., concur.