MICKLE, Judge.
This is an appeal from an order revoking community control and imposing judgment and sentence. The appellant contends that the written sentencing order differs from the sentence orally pronounced as to the appellant’s entitlement to certain credits for time served in jail and in prison. Were this true, the orally pronounced sentence would prevail. See Kyle v. State, 648 So.2d 1238 (Fla. 1st DCA 1995); Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984) (oral sentence controls over written sentence in case of conflict). However, our review of the written sentencing order shows that credits were given. The following categories were checked off:
It is further ordered that the defendant shall be allowed a total of Ilk days as credit for time incarcerated before imposition of this sentence.
It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.
(Emphasis in original). Inasmuch as the appellant acknowledges that the trial court orally pronounced the correct amount of credit for prison time served, and DOC credit time is acknowledged in the order, this leaves only the matter of the 114 days’ credit. The appellant claims entitlement to 185 days’ credit. We cannot determine from the appellate record the exact number of days’ credit to which the appellant is entitled for time spent in jail, nor was any specific number of days mentioned at the sentencing hearing. We conclude that the appellant has not met his burden to provide a complete record to allow meaningful appellate review of this alleged sentencing error. Accordingly, we affirm the judgment and sentence, without prejudice to the appellant to file a proper Florida Rule of Criminal Procedure 3.850 motion in the lower tribunal addressing the sentencing question.
AFFIRMED.
MINER and WEBSTER, JJ., concur.