PER CURIAM.
In this direct criminal appeal, the appellant challenges his sentence to the extent that the trial court faded to award additional credit for time previously served. Because the record fails to establish the amount of credit that should have been awarded, we affirm the sentence.
The appellant was found guilty of violating conditions of supervision, and the trial court revoked probation in two eases and community control in another. The appellant was sentenced to concurrent sanctions on all three cases of 40 months in prison followed by 20 months on probation. He was awarded 155 days “as credit for time incarcerated before imposition of this sentence,” and “credit for all time previously served on this count in the Department of Corrections prior to resentencing.”
Although the appellant contends that he is entitled to additional credit for time served, he fails to differentiate between jail time and prison time. To the extent that *415 the appellant contends he was not awarded credit for time spent in prison, he should pursue that matter administratively. See Williams v. State, 673 So.2d 873 (Fla. 1st DCA 1996). To the extent that he contends he is entitled to additional jail time, he has not carried the burden of showing error because the record before us does not establish the amount of time the appellant spent in jail. See Wilkins v. State, 673 So.2d 891 (Fla. 1st DCA 1996). The appellant still has the option of pursuing this matter under Florida Rule of Criminal Procedure 3.850. See id.
Although the state concedes that the appellant is entitled to “some” credit for time spent on supervised release against the probationary portion of his current split sentence, since his current split sentence constitutes the maximum penalty as to one of his offenses, see Davis v. State, 667 So.2d 885 (Fla. 1st DCA 1996), again, the record does not establish how much time the appellant previously spent on supervised release. The appellant may also pursue this claim under rule 3.850.
The sentence is affirmed.
MINER, ALLEN and MICKLE, JJ., concur.