2003 ND 97

**Christopher M. CUE, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20030013.**

Supreme Court of North Dakota.

June 17, 2003.

Mark L. Greenwood, Mark Greenwood Law Office, Dickinson, ND, for petitioner and appellant.

Tom M. Henning (on brief), State's Attorney, Dickinson, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Christopher M. Cue appeals from a district court order denying his motion for post-conviction relief. The district court made a finding, following an evidentiary hearing, that Cue's credit for time served was properly computed; therefore, Cue is not entitled to a remand under N.D.C.C. § 29–32.1–11. Cue has not affirmatively established by the record that he is entitled to additional credit for time served in connection with this case, and the record does not demonstrate the district court's finding was clearly erroneous. We affirm.

I

[¶ 2] On May 19, 2000, Cue pled guilty to simple assault of a peace officer. The district court sentenced Cue to serve two years in prison with all but 15 days suspended for two years, and placed Cue on supervised probation for two years. On October 30, 2000, Cue's probation officer filed a petition to revoke his probation for violating conditions of probation. The district court ordered Cue's probation revoked on November 30, 2000, and sentenced Cue to prison for two years with two years suspended, conditioned upon Cue being on supervised probation for two years and Cue meaningfully participating in treatment at the Tompkins Rehabilitation and Corrections Unit ("Tompkins") for a period not to exceed 120 days.

[¶ 3] On February 15, 2001, Cue's probation officer filed a petition for revocation of probation because Cue was kicked out of Tompkins after failing to meaningfully participate in treatment there. On April 17, 2001, the court found Cue to be in willful violation of the court's order for failing to participate in treatment at Tompkins; Cue's probation was continued under the sentence imposed by the court on November 30, 2000.

[¶ 4] A petition for revocation of probation was filed on May 22, 2001, after Cue violated a condition of probation. On June 7, 2001, the district court found Cue violated a condition of probation and sentenced Cue to the North Dakota Department of Corrections for two years, granting Cue 103 days of credit for time served in custody and at Tompkins. In July 2001, Cue moved the court to increase his credit for time spent in custody. On August 6, 2001, the court amended its order giving Cue credit for 108 days.

[¶ 5] In September 2001, Cue moved for credit for time in custody under N.D.C.C. § 12.1–32–02(2). The district court denied Cue's motion, determining the earlier calculation is correct. In November 2001, Cue filed an amendment to his motion for credit for time in custody. The district court denied Cue's motion for credit, concluding it was without jurisdiction to act under N.D.R.Crim.P. 35. In January 2002, Cue filed a motion for correction of a clerical mistake. The district court denied Cue's motion.

[¶ 6] In September 2002, Cue moved for post-conviction relief, alleging the

court's failure to give Cue credit for 161 days of incarceration was in violation of N.D.C.C. § 12.1–32–02(2) and the Fifth and Fourteenth Amendments to the United States Constitution. Following an evidentiary hearing, the district court held "[t]he State of North Dakota has correctly computed credit for time served. The motion is denied." Cue appeals from the order denying his motion for post-conviction relief.

## II

[¶ 7] Cue argues the district court's two sentence order denying his motion does not adequately explain why his request for relief was not granted. Cue contends he is entitled to a remand, under N.D.C.C. § 29–32.1–11, for the purpose of making explicit findings of fact and conclusions of law.

[¶ 8] The relevant parts of N.D.C.C. § 29–32.1–11 provide:

1. The court shall make explicit findings on material questions of fact and state expressly its conclusions of law relating to each issue presented.

2. If the court rules that the applicant is not entitled to relief, its order must indicate whether the decision is based upon the pleadings, is by summary disposition, or is the result of an evidentiary hearing.

The district court, in its order denying Cue's motion for post-conviction relief, stated: "The State of North Dakota has correctly computed credit for time served. The motion is denied." The district court made a finding following an evidentiary hearing that Cue's credit for time served was properly computed and concluded relief should be denied. Although the district court did not explicitly state its decision was based on evidence presented at the evidentiary hearing, the district court issued its order five days after the hearing

and it is reasonable to infer that the court's decision was the result of the evidentiary hearing. Cue's argument that the case should be remanded under N.D.C.C. § 29–32.1–11 is without merit.

## III

[¶ 9] Cue argues the district court erroneously determined he is not entitled to additional credit for time served in connection with the charges in this case. Cue asserts he is entitled to an additional 50 to 54 days of credit for time spent in custody.

[¶ 10] In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous. *Hill v. State*, 2000 ND 143, ¶ 17, 615 N.W.2d 135 (citing *DeCoteau v. State*, 2000 ND 44, ¶ 10, 608 N.W.2d 240). "A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id.*

[¶ 11] N.D.C.C. § 12.1–32–02(2) "requires a court to give a criminal defendant, upon sentencing, credit for all time spent in custody as a result of the criminal charge or conduct for which the sentence is being imposed." *State v. Trudeau*, 487 N.W.2d 11, 15 (N.D.1992). Section 12.1–32–02(2), N.D.C.C., provides:

Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based. "Time spent in custody" includes time spent in custody in a jail or mental institution for the offense charged, whether that time

is spent prior to trial, during trial, pending sentence, or pending appeal.

The district court's order for revocation of probation and fourth amended criminal judgment sentenced Cue to two years imprisonment, crediting Cue for 103 days for time Cue had spent in custody and at Tompkins. Cue moved the court to increase his credit for time served, and the court amended its order increasing Cue's credit to 108 days.

[¶ 12] Cue has the burden of showing he is entitled to additional sentence credit for time served in custody. *See Hires v. State*, 688 So.2d 414, 414–15 (Fla.Dist.Ct.App.1997) (affirming defendant's sentence because the defendant did not carry the burden of showing error); *Brattain v. State*, 777 N.E.2d 774, 776 (Ind.Ct.App.2002) (stating defendant failed to demonstrate error when he failed to present any documentation to the trial court that he was entitled to credit for time served and failed to present an adequate record showing the trial court erred); *State v. Wilkinson*, 539 N.W.2d 249, 252 (Minn.Ct.App.1995) (stating the offender has the burden to establish entitlement to specific jail credit); *State v. Moore*, 1994, 1994 WL 245481, *3, Tenn. Crim.App. LEXIS 358, *9 (Tenn.Crim. App. June 8, 1994) (denying defendant's request for credits for jail time because defendant failed to meet his burden of establishing an adequate record on appeal).

[¶ 13] In this case, the evidence in the record is conflicting and confusing. In July 2001, Cue moved the district court for credit of 127 days for time served in custody and ten days later filed a supplement to his motion seeking 184 days of credit for time served. The State argued it is possible Cue should be credited for 108 days for time spent in custody, and the court amended its order giving Cue credit for

108 days. In September 2002, Cue argued in his post-conviction relief proceedings that he is entitled to 161 days of credit for time served in custody. The State asserted its calculations indicate Cue was over credited 38 days for time spent in custody for the cases occurring during the time period at issue. Cue appealed the district court's order denying his motion for post-conviction relief to this Court, arguing he is entitled to an additional 50 to 54 days of credit for time spent in custody. The State conceded it is arguable that Cue may be entitled to an additional 9 days of credit for time served in custody; however, the State contends the accuracy of Cue's claim for additional credit cannot be clearly supported by the record.

[¶ 14] Cue's arguments during the proceedings related to this case have been inconsistent; Cue has argued that he is entitled to additional credit in the amount of 19 days, 50 to 54 days, and 76 days. The exhibits presented to the district court seeking to establish the time Cue spent in custody are internally inconsistent and Cue's testimony conflicts with the exhibits. Cue asserted at an evidentiary hearing that he has spent 158 days in custody for the case at issue. The only records Cue presented to the district court are from the Southwest Multi–County Correction Center. These records indicate Cue spent 58 days in custody for this case. The State presented a document listing 132 days as the total amount of time Cue was incarcerated for all his cases at the Southwest Multi–County Correction Center. Cue's testimony regarding the dates he was incarcerated for this case conflict with the records he presented to the district court. Cue has not established with evidence in the record that he was not properly credited for the time he spent in custody.

[¶ 15]   Cue has also asserted he is entitled to credit for time served at the Stutsman County jail; however, the only evidence Cue presented to ascertain the dates for the time served at the jail was his own testimony.  The credibility of witnesses is left to the trial court to determine.  *State v. Toepke*, 485 N.W.2d 792, 795 (N.D.1992).  Because the trial court found that days of credit had been properly calculated, it is apparent that Cue's assertions, without supporting documentation, did not persuade the trial court.  Cue did not meet his burden of proving he is entitled to additional credit.  Although the State concedes Cue could, arguably, be entitled to an additional 9 days of credit, the evidence in the record does not establish Cue is entitled to additional days of credit.

[¶ 16]   The district court made a finding that Cue's credit for time served was correctly computed and " '[t]he presumption is that the trial court's rulings were correct, and the burden is upon the appellant to show affirmatively by the record that the rulings were incorrect.' "  *Crosby v. Sande*, 180 N.W.2d 164, 172 (N.D.1970) (quoting *Erickson v. Wiper*, 33 N.D. 193, 157 N.W. 592, 602 (1916)). We conclude Cue has not affirmatively established by the record that he is entitled to additional credit for time served in this case, and the record does not demonstrate that the district court was clearly erroneous.

### IV

[¶ 17]   We conclude the district court order made a finding, following an evidentiary hearing, that Cue's credit for time served was properly computed; therefore, Cue is not entitled to a remand under N.D.C.C. § 29–32.1–11. Cue failed to affirmatively establish by the record that he is entitled to additional credit for time served in connection with this case, and the rec-ord does not demonstrate that the district court's finding was clearly erroneous.  The order of the district court is affirmed.

[¶ 18] MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, dissenting.

[¶ 19]   I agree with the majority that it is Cue's burden to show he is entitled to additional credit on his sentence for time served in custody.  However, to the extent his inability to make that showing is due to the records of the penal institutions or the courts, I disagree with the conclusion reached by the majority.  Cue did, as the majority notes, make inconsistent arguments as to the amount of additional credit he should receive.  However, the State concedes the records are not clear and we do not know to what extent Cue's inconsistent arguments are due to incomplete or inaccurate records, for which Cue is not responsible.

[¶ 20]   The State further concedes it is arguable Cue may be entitled to an additional nine days of credit but notes it cannot be clearly supported by the record.  If the State cannot decipher the appropriate records of the penal institutions and the courts, we cannot expect Cue to do so.  I would remand this matter to the trial court to determine, at the very least, whether or not Cue is entitled to the nine-day credit.  If the trial court is unable, because of the state of the records, to make a determination, it should order the respective record keepers to explain the records and to make them as accurate as possible.  Public trust and confidence in our system of justice demands no less.