Filed 6/1/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 114

Tracy Gust, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20050381

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Wayne D. Goter, 723 Memorial Hwy., P.O. Box 1552, Bismarck, ND 58502-

1552, for petitioner and appellant.

Cynthia M. Feland, Assistant State’s Attorney, Courthouse, 514 E. Thayer, Bismarck, ND 58501-4413, for respondent and appellee.

Gust v. State

No. 20050381

Kapsner, Justice.

[¶1] Tracy Gust appeals from an order denying his application for post-conviction relief in which he sought credit for 203 days as time served rather than the 9 days of time served that was credited on his criminal judgment.  We affirm.

I

[¶2] On May 18, 2004, Gust was arrested for possession with intent to manufacture methamphetamine and possession of drug paraphernalia.  At the time of his arrest, Gust was on parole from an earlier offense.  On May 19, 2004, Gust made his initial appearance.  Bond for pretrial release was set at $10,000.00.  Gust did not post bond and remained in custody.  Gust had his parole on the earlier offense revoked on May 27, 2004, and began serving time for his parole revocation.

[¶3] On December 9, 2004, Gust pled guilty to possession with intent to manufacture methamphetamine and possession of drug paraphernalia and was sentenced to a mandatory minimum of five years in prison.  The criminal judgment gave Gust credit for 9 days as time served from the period between his arrest on May 18, 2004, until his parole revocation on May 27, 2004.

[¶4] On May 6, 2005, Gust filed an application for post-conviction relief arguing he should be entitled to credit for time served in the amount of 203 days and that he received ineffective assistance of counsel because his attorney did not request credit for time served.  A hearing was held on August 31, 2005.  Gust withdrew his claim for ineffective assistance of counsel, but continued in his request to receive credit for 203 days as time served.  Gust testified he had “always presumed” he would receive credit on his current charge from the date of his arrest on May 18, 2004, to sentencing.  The court denied Gust credit for the additional days concluding the time being served between the revocation of Gust’s parole and the date of his sentence applied to separate, earlier charges.  Gust appeals, arguing the district court erred in calculating the number of days he should be credited.  The State argues Gust failed to affirmatively establish he was entitled to relief.

II

[¶5] A defendant has the burden to affirmatively show he is entitled to additional credit for time served in custody.  
Cue v. State
, 2003 ND 97, ¶ 12, 663 N.W.2d 637.  Under our statute, a criminal defendant must be credited for time served in custody.  
State v. Schrum
, 2006 ND 18, ¶ 5, 709 N.W.2d 348.  But a defendant is not to be credited for time spent in custody for a wholly unrelated charge.  
Id.
 (citing 
State v. Trudeau
, 487 N.W.2d 11, 14 (N.D. 1992)).

[¶6] Section 12.1-32-02(2), N.D.C.C., provides: 

Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based. “Time spent in custody” includes time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal.  

[¶7] For purposes of crediting time spent in custody, our statute unambiguously refers to “conduct on which such charge was based.”  N.D.C.C. § 12.1-32-02(2).  “[S]uch charge” refers to the “charge for which the sentence was imposed.”  
Id.
  Thus, it is inappropriate to receive credit on a sentence following a probation revocation relating to an earlier criminal conviction and receive additional credit for a separate criminal offense because the two charges are for separate conduct.  
State v. Eugene
, 340 N.W.2d 18, 35 (N.D. 1983).

[¶8] This case is governed by 
Eugene
.  In 
Eugene
, a defendant was arrested for burglary on July 11, 1982, released on bond the following day, and had his suspended sentence for an earlier conviction of stolen property and negligent homicide revoked on August 23, 1982.  
Id.
  He remained in custody from August 23, 1982, until February 23, 1983, when Eugene was sentenced to four years imprisonment for his burglary charge.  
Id.
  He received credit for time served of one day on his burglary charge for the time he was incarcerated before he was released on bond.  
Id.
  Eugene argued his burglary sentence should include credit for time served for the entire time of his pre-sentence incarceration.  
Id.
  We rejected his argument because only one day of his incarceration was a “direct result of the burglary charge.”  
Id.
  The remaining incarceration was for his probation revocation.  
Id.

[¶9] Applying the logic of 
Eugene
 to this case, credit for time served is required for the 9 days from May 18, 2004 until May 27, 2004 that Gust was incarcerated before his parole was revoked.  The court correctly gave Gust credit for this time.  But from May 27, 2004 until December 9, 2004, Gust was in custody for his parole revocation.  To grant Gust credit for time served in both cases would constitute double credit.  We have held—in the context of consecutive sentences—double credit should not be allowed.  
State v. Arcand
, 403 N.W.2d 23, 24 (N.D. 1987) (holding in context of consecutive sentences that jail credit should only be applied to the first consecutive sentence, because to do otherwise would constitute double credit).

[¶10] Gust argues our recent holding in 
State v. Schrum
, 2006 ND 18, 709 N.W.2d 348, alters our past caselaw and the outcome in this case.  We disagree.  
Schrum
 did not change the legal landscape for calculating time served in custody; rather, 
Schrum
 dealt with the narrow issue of a clearly erroneous calculation of credit.  
Id.
 at ¶ 6.  
Schrum
 involved credit for custody regarding charges of attempted robbery and felonious restraint.  
Id.
 at ¶ 2.  While the State argued Schrum was incarcerated on earlier charges, we did not base our holding on the State’s argument.  
Id.
 at ¶ 5.  Instead, we held the incarceration records supported Schrum’s calculation of the time  spent and his calculation of which charges such time related to.  
Id.
 at ¶ 6.  Schrum met his burden of showing entitlement to additional credit.  In 
Schrum
, the record did not show his time spent in custody was credited toward an unrelated charge.  
See, e.g.
, 
State v. Trudeau
, 487 N.W.2d 11, 15 (N.D. 1992) (when time spent in custody is credited toward an unrelated charge, a defendant is not entitled to credit in another sentence); 
State v. Sorensen
, 482 N.W.2d 596, 599 (N.D. 1992) (same).

III

[¶11] We affirm the district court’s order denying Gust credit for an additional 203 days of time served.

[¶12] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.