2008 ND 157

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Shane RODRIQUEZ, Defendant and Appellant.**

**Nos. 20070349, 20070350.**

Supreme Court of North Dakota.

Aug. 28, 2008.

Cynthia Mae Feland, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Shane Phillip Rodriquez, pro se, Bismarck, ND, defendant and appellant.

CROTHERS, Justice.

[¶ 1] Shane Rodriquez appeals from district court orders denying his motions for credit for time served in custody. We conclude the district court did not err in denying the motions because Rodriquez was granted credit for time served on one of his sentences; therefore he is not entitled to have that time applied to another sentence. We affirm.

I

[¶ 2] On July 1, 2002, Rodriquez was charged in Burleigh County with one count of class C felony terrorizing. He posted bond and was released. On July 12, 2002, the district court revoked Rodriquez's bond and issued a bench warrant for his arrest based on new charges filed against him in Burleigh County. He was charged with one count of class A misdemeanor possession of marijuana by a driver and one count of class C felony possession of drug paraphernalia. Rodriquez was apprehended and placed in custody. On August 26, 2002, Rodriquez pled guilty to previously filed Morton County charges of possession of a controlled substance with intent to deliver. On the Morton County charges, Rodriquez was sentenced to eight years in prison with four years of the sentence suspended for five years. He also was placed on supervised probation.

[¶ 3] On January 7, 2003, Rodriquez pled guilty to the three Burleigh County charges. On the terrorizing charge, Rodriquez was sentenced to five years in prison, with four years suspended and five years of supervised probation. This sentence was ordered to run concurrently with the sentence on the other two Burleigh County charges "and with sentence currently serving." On the charge of possession of marijuana by a driver, Rodriquez was sentenced to one year in prison. On the charge of possession of drug para-

phernalia, Rodriquez was sentenced to five years in prison, with four years suspended and five years of supervised probation. The court ordered the sentences to "run concurrently with each other and currently to the sentence presently serving" and granted Rodriquez credit for 38 days served in custody. Rodriquez served his prison sentence and was released and placed on probation.

[¶ 4] On June 16, 2006, Rodriquez's probation officers filed an incident report claiming Rodriquez had committed fraudulent practices in urine testing, a class A misdemeanor, which was a violation of probation conditions in the criminal judgment entered in Morton County and in the two Burleigh County criminal judgments. Rodriquez was placed in the Morton County Detention Center. Petitions to revoke Rodriquez's probation were filed in Burleigh and Morton counties. Rodriquez posted bond and was released from custody.

[¶ 5] On August 8, 2006, the district court in Burleigh County issued a bench warrant for Rodriquez's arrest. Rodriquez's bond had been revoked because he had been in custody in Williams County since August 6, 2006, where he ultimately faced charges for class C felony driving under the influence and class A misdemeanor menacing. Amended petitions to revoke his probation were filed in Burleigh and Morton counties.

[¶ 6] In early November 2006, Rodriquez was sentenced on the charge of fraudulent practices in urine testing to one year in prison with six months suspended and was granted credit for time served in custody. On November 22, 2006, Rodriquez appeared in district court in Burleigh County and admitted to the probation violations. At that time, he was in custody in Morton County. On the possession of drug paraphernalia charge, Rodriquez was

sentenced to four years in prison and was granted credit for one year in custody. On the terrorizing charge, Rodriquez was sentenced to four years in prison and was granted credit for one year in custody. The court ordered both sentences to run concurrently. The transcript of the Burleigh County revocation hearing indicates Rodriquez was scheduled to appear at a probation revocation hearing regarding the Morton County criminal judgment later the same day.

[¶ 7]  Rodriquez subsequently filed motions for credit for time served in both Burleigh County cases. Rodriquez accompanied the motions with copies of one page from what he asserted was the criminal judgment in the Morton County case indicating he had been given credit on his Morton County sentence for the time he spent incarcerated from August 6, 2006 to November 22, 2006. Rodriquez asserted he was legally entitled to receive credit for the 108 days he was in custody between August 6, 2006 and November 22, 2006 on his Burleigh County sentences as well. The district court denied the motions.

## II

[¶ 8]  On appeal, Rodriquez argues the district court erred in failing to grant him credit on the Burleigh County sentences for the 108 days he served in custody between August 6, 2006 and November 22, 2006. Rodriquez bears "the burden of showing he is entitled to additional [ ] credit for time served in custody." *Cue v. State*, 2003 ND 97, ¶ 12, 663 N.W.2d 637; *see State v. Schrum*, 2006 ND 18, ¶ 6, 709 N.W.2d 348.

[¶ 9]  Rodriquez contends he was given credit for the 108 days spent in custody on the Morton County sentence and should likewise be given 108 days credit on the Burleigh County sentences. Rodriquez complains that the failure to grant the 108–day credit in the Burleigh County cases results in " 'two' release date[ ]s," and he "would like just 'one.' " On the record before us, we reject Rodriquez's argument.

[¶ 10]  Although N.D.C.C. § 12.1–32–02(2) requires that a defendant receive credit for time served in custody, "a defendant is not to be credited for time spent in custody for a wholly unrelated charge." *Gust v. State*, 2006 ND 114, ¶ 5, 714 N.W.2d 826; *see also State v. Eugene*, 340 N.W.2d 18, 35–36 (N.D.1983). In this case, the record does not enable us to determine whether the time Rodriquez served in custody between August 6, 2006 and November 22, 2006 was attributable to the Williams County charges, the Morton County revocation charges, the Burleigh County revocation charges, or a combination of them all.

[¶ 11]  However, Rodriquez does not dispute that he was given credit on the Morton County sentence for the 108 days spent in custody, and he does not contend, nor does the record establish, that he received the 108–day credit on the wrong sentence. "[W]hen time spent in custody is credited toward an unrelated charge, a defendant is not entitled to credit in another sentence." *See Gust*, 2006 ND 114, ¶ 10, 714 N.W.2d 826; *State v. Trudeau*, 487 N.W.2d 11, 15 (N.D.1992); *State v. Sorensen*, 482 N.W.2d 596, 599 (N.D.1992); *State v. Arcand*, 403 N.W.2d 23, 24 (N.D. 1987). "[T]o do otherwise would constitute double credit." *Arcand*, at 24. Rodriquez admits he received the 108–day credit on the Morton County sentence. Therefore, he was not entitled to have the 108–day credit also applied to the Burleigh County sentences.

[¶ 12] We conclude the district court did not err in denying Rodriquez's motions for credit for time served in custody.

### III

[¶ 13] The orders are affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.