Filed 12/5/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 220

Mike Allen Delvo, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20160102

Appeal from the District Court of Sheridan County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Per Curiam.

Todd N. Ewell, Bismarck-Mandan Public Defender Office, 410 East Thayer Avenue, Suite 201, Bismarck, ND 58501, for petitioner and appellant; submitted on brief.

Julie A. Lawyer, Burleigh County Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, ND 58501, for respondent and appellee; submitted on brief.

Delvo v. State

No. 20160102

Per Curiam.

[¶1] Mike Delvo appeals from a district court order denying post-conviction relief.  In 2011, while on probation for an earlier criminal conviction, Delvo was charged with several drug related offenses.  Delvo remained incarcerated for 99 days before his release on bond.  Thereafter, Delvo’s probation was revoked based upon the new charges.  Delvo served 408 days on the probation revocation before pleading guilty to the new charges.  The district court sentenced Delvo to incarceration for twenty years on counts one and two and five years on count three with five years suspended and five years of probation following release.  In addition, the district court ordered Delvo receive 99 days credit for time served on the new charges from the time of his arrest until his release on bond.  The district court ordered the sentences run concurrently with the sentence imposed in the earlier conviction for which his probation was revoked.  Delvo applied for post-conviction relief claiming ineffective assistance of counsel and failure to receive credit for the 408 days served on the revocation of probation.  After a hearing, the district court denied Delvo post-

conviction relief.

[¶2] On appeal, Delvo argues the district court erred by denying post-conviction relief and denying credit for 408 days served.  Delvo has not met his burden to show he is entitled to credit for additional time.  We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).  
Gust v. State
, 2006 ND 114, ¶¶ 7-9, 714 N.W.2d 826.

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom