FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 17, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 198

State of North Dakota,                                    Plaintiff and Appellee

v.

Michael Brewer,                                    Defendant and Appellant

## No. 20210105

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Julie A. Lawyer, State's Attorney, and Dominic Davis (on brief), third year law student, under the Rule on Limited Practice of Law by Law Students, Bismarck, ND, for plaintiff and appellee.

Matthew J. Arthurs, Bismarck, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Michael Martin Brewer appeals from a criminal judgment sentencing him to five years' imprisonment with all but 18 months suspended and crediting him with 157 days of time served. On appeal, Brewer argues the district court erred in calculating his time served and he is entitled to 419 days' credit for time served. We affirm.

I

[¶2]   On January 24, 2020, Brewer was arrested for terrorizing, simple assault on a peace officer, preventing arrest, disarming or attempting to disarm a law enforcement officer, simple assault, and criminal mischief. Brewer's initial appearance was held on February 3, 2020, and bond for pretrial release was set at $5,000.00. Brewer was unable to post bond and remained in custody. Brewer's initial arrest was charged as case 08-2020-CR-00315 ("CR-00315").

[¶3]   On May 13, 2020, while in custody, Brewer attempted to flood his cell and spat on a correctional officer. Brewer was charged with contact by bodily fluids in case 08-2020-CR-01321 ("CR-01321"). Brewer had his initial appearance in case CR-01321 on May 14, 2020, where his bond was merged with CR-00315. Brewer remained in custody and pleaded guilty to the CR-01321 charge on June 29, 2020. Brewer was sentenced to one year and one day and given credit for 46 days of time served in CR-01321.

[¶4]   On March 18, 2021, Brewer pleaded guilty to the charges in CR-00315. At sentencing, the district court credited Brewer with 157 days of time served. The court rejected Brewer's contention he was entitled to 419 days of time served, as well as the State's argument Brewer was only entitled to 110 days of credit. The court ordered Brewer's sentence in CR-00315 to run concurrently with CR-01321. Brewer appeals, arguing the court erred in calculating the number of days he should be credited. Although the State initially requested Brewer's credit be less than 157 days,

the State has not cross-appealed and argues only in support of the judgment.

## II

[¶5]   On appeal, Brewer argues the district court erred in only crediting him for 157 days served in CR-00315. The court calculated Brewer's credit as beginning on January 24, 2020, the day he was arrested, and ending on the day he was sentenced in CR-01321, June 29, 2020. Brewer contends the court should have calculated his time served as 419 days, beginning on the day of his arrest, January 24, 2020, and ending on the day he was sentenced in CR-00315, March 18, 2021.

[¶6]   Section 12.1-32-02(2), N.D.C.C., provides:

> Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based. "Time spent in custody" includes time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal.

[¶7]   A criminal defendant's sentence must be credited for time served in custody on that charge. *State v. Schrum*, 2006 ND 18, ¶ 5, 709 N.W.2d 348. The defendant has the burden to affirmatively show he is entitled to additional credit for time served in custody. *Gust v. State*, 2006 ND 114, ¶ 5, 714 N.W.2d 826 (citing *Cue v. State*, 2003 ND 97, ¶ 12, 663 N.W.2d 637). Although a criminal defendant must be credited for time served in custody, a defendant is not entitled to credit for time spent in custody for a wholly unrelated charge. *Id*.

[¶8]   This Court has held that credit was appropriate where a defendant's presentence custody was the result of his or her inability to make bail, but was not appropriate "for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced." *State v. Eugene*, 340 N.W.2d 18, 35 (N.D. 1983). We similarly

3

held in *State v. Trudeau* that "where time spent in custody has been credited toward an unrelated charge, a defendant is not entitled to credit for that period of time on any other sentence." 487 N.W.2d 11, 15 (N.D. 1992); *see also State v. Sorenson*, 482 N.W.2d 596, 599 (N.D. 1992) (defendants not entitled to receive credit for time spent in custody other than "as a result of the conduct on which such charge was based"); *State v. Evans*, 2018 ND 7, 905 N.W.2d 738 (summarily affirming similar calculation of time served).

[¶9]   In *Gust*, we affirmed the district court's calculation of time served where the defendant was arrested on May 18, 2004, and had his parole on an unrelated offense revoked on May 27, 2004. 2006 ND 114, ¶ 2. Gust was later sentenced in the overlying case on December 9, 2004. *Id*. ¶ 3. The court credited Gust with nine days' time served, from the date of his arrest to the date his parole was revoked. *Id*. Gust argued he was entitled to 203 days' credit, from his arrest to sentencing. *Id*. ¶ 4. The court determined the time served between the revocation of Gust's parole and his sentencing applied to "separate, earlier charges." *Id*. We agreed, holding Gust was correctly given credit "for the 9 days from May 18, 2004 until May 27, 2004 that Gust was incarcerated before his parole was revoked." *Id*. ¶ 9. "But from May 27, 2004 until December 9, 2004, Gust was in custody for his parole revocation" and to grant Gust credit for time served in both cases would be "inappropriate . . . because the two charges are for separate conduct." *Id*. ¶¶ 7, 9. We concluded Gust's time served was correctly calculated and he was not entitled to additional credit. *Id*. at ¶ 11.

[¶10] Brewer argues *Gust* is distinguishable from this case because "in cases where a defendant is still being held on bond, the defendant is simultaneously being held on both cases." Brewer contends that, because he was held on bond in CR-00315 even after his plea and sentencing in CR-01321, he was "subject to a hold the entire time from arrest to sentencing and should be given credit for the entire time." Brewer's argument is unconvincing. A similar argument was made in *State v. Rodriquez*, where the defendant was being held in multiple cases in Burleigh, Morton, and Williams Counties. 2008 ND 157, ¶¶ 5-6, 755 N.W.2d 102. Although the record was unclear whether Rodriquez was in custody on a combination of

4

the charges, this Court held it made no difference. *Id.* ¶¶ 10-11. "[W]hen time spent in custody is credited toward an unrelated charge, a defendant is not entitled to credit in another sentence." *Id.* ¶ 11 (citing *Gust*, 2006 ND 114, ¶ 10; *Trudeau*, 487 N.W.2d at 15; *Sorenson*, 482 N.W.2d at 599; *State v. Arcand*, 403 N.W.2d 23, 24 (N.D. 1987)).

[¶11] Section 12.1-32-02(2), N.D.C.C., is clear that defendants must receive credit for time served "for the offense charged." After Brewer was sentenced in CR-01321, any time served had already been credited. Even if Brewer had posted bond in CR-00315, he would have still been in custody serving his sentence in CR-01321. In other words, his time in custody after June 29, 2020, was not served "as a result of the criminal charge for which the sentence was imposed" in CR-00315.

[¶12] It appears the district court may have given Brewer more credit than he was entitled to in calculating his credit for time served. *See Gust*, 2006 ND 114 at ¶¶ 7-11 (discussing method for calculating credit for time served for incarceration on separate charges). However, the State has not cross-appealed and has not argued that Brewer's sentence should be modified. We recognize it is not necessary for the State to cross-appeal to preserve its right to save the judgment. *See State v. Sabinash*, 1998 ND 32, ¶ 19, 574 N.W.2d 827. In addition, "[a]n appellee who has not cross-appealed may not seek a more favorable result on appeal than [they] received in the trial court." *Matter of Estate of Laschkewitsch*, 507 N.W.2d 65, 68 (N.D. 1993).

III

[¶13] We conclude Brewer has not affirmatively established he is entitled to additional credit for time served in custody. Based on the procedural posture of this case, we affirm the judgment.

[¶14]  Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

5