# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 75

State of North Dakota,                      Plaintiff and Appellee

    v.

Anthony Duggan Barse,               Defendant and Appellant

### No. 20250260

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Fair McEvers, Chief Justice.

Britta K. Joyce, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Barse**
**No. 20250260**

**Fair McEvers, Chief Justice.**

[¶1]   Anthony Barse appeals from a criminal judgment, arguing the district court imposed an illegal sentence. We affirm.

I

[¶2]   The State charged Barse with robbery and reckless endangerment on December 16, 2024. Barse was arrested on December 18, 2024, while paroled on a prior conviction. Barse initially pled not guilty to both charges. He failed to post bond, and his parole was revoked while in custody.

[¶3]   On June 24, 2025, the robbery charge was amended to aggravated assault and Barse pled guilty to reckless endangerment and aggravated assault. The district court sentenced Barse to incarceration of five years for aggravated assault and two years for reckless endangerment, ordering the sentences on each count to run consecutively to each other and another sentence not on appeal. The court did not grant Barse credit for time served in custody from the time of his arrest to conviction. Barse timely appealed.

II

[¶4]   Barse argues the district court imposed an illegal sentence in violation of N.D.C.C. § 12.1-32-02(2) by failing to award 188 days credit for time served from December 18, 2024, the date of arrest, to June 24, 2025, the date of sentencing. Barse further argues the State had the burden to prove by a preponderance of the evidence "any facts it relie[d] upon to deny a defendant's statutory right to credit under N.D.C.C. § 12.1-32-02(2)." The State argues the court correctly identified Barse's time in custody as time served for a distinct, unrelated case and characterizes Barse's contention regarding the State's burden as a frivolous misapplication of the law.

[¶5]   "A district court has discretion in sentencing, and review of a sentence is generally limited to whether the court acted within the statutorily prescribed

sentencing limits or substantially relied on an impermissible factor." *State v. Nelson*, 2024 ND 55, ¶ 2, 5 N.W.3d 554 (cleaned up) (quoting *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739). We review sentencing decisions under an abuse of discretion standard. *State v. Hamilton*, 2023 ND 233, ¶ 9, 999 N.W.2d 214. "[A] court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Nelson*, ¶ 2 (cleaned up) (quoting *State v. Pemberton*, 2019 ND 157, ¶ 12, 930 N.W.2d 125). A sentence is illegal if it is not authorized by the judgment of conviction or is "in excess of a statutory provision or in some other way contrary to an applicable statute." *State v. Williamson*, 2024 ND 7, ¶ 4, 1 N.W.3d 610; *State v. Glasser*, 2021 ND 60, ¶ 7, 956 N.W.2d 373.

[¶6]   Section 12.1-32-02(2), N.D.C.C., provides:

> Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based. "Time spent in custody" includes time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal. The total amount of credit the defendant is entitled to for time spent in custody and any credit for sentence reduction under section 12-44.1-32 or 12-54.1-01 the defendant is entitled to must be stated in the criminal judgment.

[¶7]   At the sentencing hearing, the district court stated Barse would receive "no credit for time served" on the new convictions and explained that Barse had not been in custody as a result of the pending charges but rather because he violated parole for his previous conviction. Barse argues on appeal, "[t]he record is devoid of evidence supporting the trial court's factual findings." He contends *State v. Gill*, 2004 ND 137, 681 N.W.2d 832, "established that the State bears the burden to prove by a preponderance of the evidence factual assertions that affect a defendant's sentence," and "[w]hen the State affirmatively argues that credit should be denied based on parole revocation, it must prove those facts by a preponderance of the evidence."

2

[¶8]   In *Gill*, this Court concluded "the State has the burden in a restitution hearing to prove the *amount of restitution* by a preponderance of the evidence." 2004 ND 137, ¶ 7 (emphasis added). Barse argues our rationale in *Gill* imposes a similar burden upon the State to prove any facts relied upon in the denial of credit for time served under N.D.C.C. § 12.1-32-02(2). We disagree. The crux of *Gill* was whether the State had sufficiently shown the district court could impose restitution as part of a criminal sentence. Restitution imposes an additional condition on a defendant, and is not at issue here. Accordingly, Barse's reliance on *Gill* is misplaced, and we decline Barse's invitation to impose upon the State a burden of proving facts relied upon in the denial of credit for time served at sentencing.

[¶9]   We agree with Barse that a defendant's sentence must be given credit for the time served in custody on that charge. *State v. Schrum*, 2006 ND 18, ¶ 5, 709 N.W.2d 348. However, a defendant is not entitled to credit for time served in custody on a wholly unrelated charge. *Gust v. State*, 2006 ND 114, ¶ 5, 714 N.W.2d 826. We have also stated, in the context of consecutive sentences, a defendant is not entitled to double credit. *Id.* ¶ 9. This Court has repeatedly held the burden is on the defendant to show entitlement to additional credit for time served in custody. *Schrum*, ¶ 6; *State v. Brewer*, 2021 ND 198, ¶ 7, 966 N.W.2d 574; *Delvo v. State*, 2016 ND 220, ¶ 2, 888 N.W.2d 205; *State v. Rodriquez*, 2008 ND 157, ¶ 8, 755 N.W.2d 102; *Gust*, ¶ 5; *Cue v. State*, 2003 ND 97, ¶ 12, 663 N.W.2d 637.

[¶10]  At sentencing, the State argued:

> He does not have credit in this case because that probation hold – or the parole hold was put out right away on the 18th when he was picked up. So he was sitting and would have had credit for that parole case when he was taken into custody.

Barse's attorney argued at sentencing that he should receive credit for time served from December 18, 2024, because he "believed" bond for this case was set prior to commencement of the parole hold on his previous convictions. Barse's attorney acknowledged Barse's parole was revoked and he was returned to the penitentiary on December 23, 2024. At most, Barse may have been entitled to credit for time served until his parole was revoked, but any time served after

Barse's revocation should have applied to the sentence in the case in which he was revoked. *See State v. Evans*, 2018 ND 7, ¶ 1, 905 N.W.2d 738 (concluding defendant was only entitled to credit for time served between date of arrest and date he began serving time for probation revocation on previous case). There is no evidence in the record of the date Barse's parole was revoked or whether he was given credit for time served from December 18, 2024, until his return to the penitentiary on his previous conviction. Barse presented no evidence to meet his burden of proof for entitlement to credit for five days served from December 18, 2024, to December 23, 2024, or for the 188 days he now argues he is due. Barse has not affirmatively established he is entitled to additional credit for time served in custody.

[¶11] We conclude the district court did not abuse its discretion in granting Barse no credit for time served in custody for the case on appeal. Because the court sentenced Barse within statutory limits and did not rely on any impermissible factor, we further conclude Barse has not shown the court imposed an illegal sentence.

### III

[¶12] We have considered Barse's remaining arguments and determine they are either unnecessary for our decision or are without merit. We affirm the criminal judgment.

[¶13] Lisa Fair McEvers, C.J.
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr
Mark A. Friese

4