**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Anthony ARCAND, Defendant and Appellant.**

**Cr. No. 1225.**

Supreme Court of North Dakota.

March 26, 1987.

Patricia L. Burke, State's Atty., Bismarck, for plaintiff and appellee; submitted on briefs.

Pulkrabek & Tuntland, Mandan, for defendant and appellant; submitted on briefs.

LEVINE, Justice.

This is an appeal from an order denying Anthony Arcand's alternative motion for correction of clerical mistake or correction of illegal sentence. We hold that North Dakota Century Code § 12.1–32–02(2) does not require credit for time spent in custody before sentencing to be applied against each of two consecutive sentences. We affirm.

Anthony Arcand pleaded guilty to two separate charges of bail jumping in violation of § 12.1–08–05, NDCC. Arcand remained in custody on both charges from August 19, 1986, the date of his surrender to authorities, until October 7, 1986, the date of sentencing.

Arcand was sentenced to one year in the penitentiary on the first bail jumping charge with 49 days' credit for the time spent in custody from August 19, 1986 until October 7, 1986. Arcand was sentenced on the second charge to one year in the penitentiary, to be served consecutively to the first sentence. No credit was applied against the second sentence.

Arcand filed a motion for correction of mistake pursuant to Rule 36, North Dakota Rules of Criminal Procedure, or in the alternative, correction of illegal sentence pursuant to Rule 35(a), NDRCrimP. Arcand argued that § 12.1–32–02(2), NDCC,[1] requires that credit for the 49 days spent in custody be applied against the sentence imposed for the second bail jumping charge. The trial court denied the motion and Arcand appealed.

The issue is whether a defendant who is incarcerated before sentencing on two separate offenses is entitled to jail-time credit against each of the consecutively imposed sentences.

Arcand argues that there is nothing ambiguous about giving credit for time spent in custody under NDCC § 12.1–32–02(2), or in determining whether time was spent in custody "as a result of the criminal charge for which the sentence was imposed." Be-

cause he was held in custody as a result of each bail jumping charge, Arcand contends that he is entitled to 49 days of credit against each sentence imposed for the bail jumping charges. We disagree.

Our primary objective in construing a statute is to ascertain legislative intent from the statutory language itself. *County of Stutsman v. State Historical Society of North Dakota*, 371 N.W.2d 321, 325 (N.D.1985). Ordinarily, words used in a statute are to be understood in their ordinary sense. NDCC § 1–02–02. Section 12.1–32–02(2) entitles a defendant to "credit" against a sentence for time spent in custody prior to sentencing. The statute has as its obvious purpose the reimbursement to the defendant for time spent in custody prior to sentencing. "Credit" is a word of common understanding and usage. It connotes a balance in a person's favor. Webster's Third New International Dictionary (1971). When that balance is consumed, nothing remains. Here, the 49 days were credited against the first sentence and as the trial court so aptly put it: "There was no more 'credit' to extend." What Arcand seeks is not merely credit, but double credit. Having spent 49 days in custody, Arcand was entitled to 49 days of credit, and no more.

We note that the Minnesota Supreme Court has rejected a similar argument. In *Effinger v. State*, 380 N.W.2d 483, 489 (Minn.1986), that court concluded, as we do, that jail credit should be applied only to the first of consecutive sentences, because to do otherwise would constitute double credit. *See also State v. Jannetta*, 355 N.W.2d 189, 195 (Minn.App.1984), pet. for rev. denied (Minn. Jan. 14, 1985).

Because the trial court credited Arcand with 49 days against the first of the consecutive sentences imposed, the requirement of NDCC § 12.1–32–02(2) was fulfilled. Accordingly, the order denying the motion is affirmed.

---

**1.** NDCC § 12.1–32–02(2) provides in pertinent part:

"Credit against any sentence to a term of imprisonment shall be given by the court to a

defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed, or as a result of the conduct on which such charge was based."

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.