2009 ND 127

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Shannon Dale NEVA, Defendant and Appellant.**

**No. 20090054.**

Supreme Court of North Dakota.

July 9, 2009.

Julie A. Lawyer, Assistant State's Attorney, Courthouse, Bismarck, N.D., for plaintiff and appellee; submitted on brief.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Shannon Neva appeals a district court order denying his N.D.R.Crim.P. 35(a) motion to correct sentence. We affirm.

I

[¶ 2] In May 2007, Neva pleaded guilty to three counts of reckless endangerment and one count of disobedience of a judicial order. He was sentenced to a concurrent, suspended sentence of one year's imprisonment with credit for 225 days spent in custody. He was thereafter placed on probation.

[¶ 3] In January 2008, the district court revoked Neva's probation for violation of its conditions, sentencing him to one year's imprisonment on each count, to run consecutively. In its amended judgment, the district court also granted Neva credit for 253 days spent in custody, which was applied only toward the first count.

[¶ 4] Neva moved under N.D.R.Crim.P. 35(a) for corrected sentence, claiming the sentence is illegal in that the district court failed to provide him with credit on all four counts for the time he served in custody. The district court denied his motion. Neva appealed.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 6] Neva asserts the district court erred in denying his N.D.R.Crim.P. 35(a) motion requesting that the 253–day credit for time he spent in custody be counted toward all four counts. He argues the district court's intention at the probation revocation hearing was to apply the time credit on all counts.

[¶ 7] A sentence is illegal under Rule 35(a), N.D.R.Crim.P., if the judgment of conviction does not authorize the sentence, or if it exceeds a statutory provision, or if it is inconsistent with the oral pronouncement of the sentence. *State v. Leingang,* 2009 ND 38, ¶ 15, 763 N.W.2d 769; *State v. Trieb,* 516 N.W.2d 287, 292 (N.D.1994). "When a direct conflict exists between an unambiguous oral pronouncement of a sentence and the written judgment and commitment, federal precedent has held the oral pronouncement must control.... [I]f only an ambiguity exists between the two sentences, the record must be examined to determine the district court's intent." *State v. Raulston,* 2005 ND 212, ¶ 8, 707 N.W.2d 464.

[¶ 8] Upon revocation of probation, a sentencing court may "impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing or deferment." N.D.C.C. § 12.1–32–07(6). A defendant must receive credit for time spent in custody. N.D.C.C. § 12.1–32–02(2). " 'Time spent in custody' includes time spent in custody in a jail ... for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal." *Id.* A district court need give credit toward only one of the consecutive terms of imprisonment it imposes. *State v. Arcand,* 403 N.W.2d 23, 24 (N.D. 1987).

[¶ 9] The record shows that contrary to Neva's argument, the district court did not make a pronouncement at the probation revocation hearing of the sentence it would

impose or that the credit for the time Neva served in custody should be counted toward all four counts. Instead, the district court expressed its willingness to impose the maximum sentence allowed by the statute and grant Neva credit for "any time he has spent in custody" without making an oral pronouncement of the final sentence. In its amended judgment dated February 8, 2008, the district court ordered Neva be given credit for 253 days spent in custody.

[¶ 10] Relying on *State v. Trudeau*, 487 N.W.2d 11 (N.D.1992), Neva argues the time credit, once applied toward the concurrent sentences, corresponds to time served on each count. In *Trudeau*, the issue was "whether or not time credited toward an unrelated charge is the retroactive equivalent of time served pursuant to an order of commitment." *Trudeau*, 487 N.W.2d at 15. Here, the issue is whether credit previously granted against concurrent sentences must be granted against each of the newly imposed consecutive sentences when originally concurrent sentences are converted into consecutive sentences.

[¶ 11] This Court has previously recognized that credit "connotes a balance in a person's favor.... When that balance is consumed, nothing remains." *Arcand*, 403 N.W.2d at 24. By the time of his resentencing, Neva had spent a total of 253 days in custody. Here, as in *Arcand*, when the district court credited that amount of time against Neva's first count, " '[t]here was no more "credit" to extend.' " *Id.* Extending credit for only the first count of the newly imposed consecutive sentences is also in line with the purpose of N.D.C.C. § 12.1–32–02(2)—to reimburse the defendant for time spent in custody prior to sentencing. *See id.*

[¶ 12] Therefore, Neva's argument that the time credit, once applied toward his concurrent sentences, corresponds to time served on each count of the converted consecutive sentences is not supported by the law or the record.

III

[¶ 13] Concluding the district court did not err in denying Neva's N.D.R.Crim.P. 35(a) motion, we affirm the court's order.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.