FILED

November 12 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0363

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 296

CITY OF KALISPELL,

      Plaintiff and Appellee,

  v.

NATHAN FRANCIS GABBERT,

      Defendant and Appellant.

| APPEAL FROM: | District Court of the Eleventh Judicial District,<br>In and For the County of Flathead, Cause No. DC 13-091A<br>Honorable Robert B. Allison, Presiding Judge |
|---|---|

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Eileen Larkin, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

          Charles A. Harball, Kalispell City Attorney, Kristi L. Curtis, Assistant City Attorney, Kalispell, Montana

                    Submitted on Briefs:  October 15, 2014
                                 Decided:  November 12, 2014

Filed:

                        _____
                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Nathan Gabbert appeals from the decision of the Eleventh Judicial District Court, Flathead County, which determined that Gabbert's right to a speedy trial had not been violated. Gabbert argues on appeal that his speedy trial rights were infringed by the delay in bringing him to trial in Kalispell Municipal Court. We affirm.

## BACKGROUND

¶2 During the early morning hours of June 4, 2009, the Kalispell Police Department cited Gabbert with driving under the influence of alcohol, obstructing a peace officer, and driving while license suspended, all misdemeanors. Gabbert appeared before the Kalispell Municipal Court later that day and entered pleas of not guilty. The court appointed a public defender, set bail, and imposed conditions of release. The court also ordered Gabbert to maintain weekly contact with his attorney, to immediately notify the court if he changes his address, and to "[p]ersonally appear for all court proceedings."

¶3 Gabbert appeared with his counsel at the omnibus hearing on July 7, 2009. The Municipal Court set the first trial date for September 16, 2009, and set a deadline of August 14 for pretrial motions. The court issued a Notice of Jury Trial which states: "**YOUR PERSONAL PRESENCE IS REQUIRED**."

¶4 One of the conditions of Gabbert's release was that he wear a Secure Continuous Remote Alcohol Monitor (SCRAM) bracelet at his own expense. Gabbert enrolled in SCRAM monitoring on June 5, 2009. On July 6 and again on July 24, the SCRAM program manager reported that Gabbert had become delinquent in his payments. According to the July 24 report, "Mr. Gabbert has proven to be quite difficult to deal with

when it comes to maintaining up to date payment of his SCRAM monitoring program. . . . If Mr. Gabbert does not make a sincere effort to bring his account current, [we] will be forced to turn his monitoring bracelet off."

¶5 Based on this failure to abide by the conditions of his release, the Municipal Court set a show-cause hearing for August 3, 2009. The court gave notice of this hearing to both Gabbert and his counsel and specified that "**YOUR PERSONAL PRESENCE IS REQUIRED.**" Gabbert failed to appear at the hearing, however. Accordingly, the City filed a petition to revoke Gabbert's release, requesting that an arrest warrant be issued. The Municipal Court issued the arrest warrant on August 10, 2009.

¶6 Gabbert's trial was twice continued, first to October 21 and then to December 16, 2009. The Municipal Court's orders indicate that both continuances were necessary because a case with higher priority on the docket needed to be tried first. The court ordered Gabbert's personal presence at both of the reset trial dates.

¶7 On December 14, 2009, Gabbert's counsel filed a motion to dismiss pursuant to § 46-13-401(2), MCA, which generally requires that a defendant be brought to trial on a misdemeanor charge within six months of entering his plea. As noted, Gabbert entered his plea on June 4, 2009. At the time set for trial on December 16, the Municipal Court began by addressing Gabbert's motion. Gabbert's counsel was present, but Gabbert himself was not present. Responding to the motion, the City argued that the outstanding arrest warrant, Gabbert's failure to appear for court hearings, and his apparent failure to maintain contact with his counsel amounted to good cause for the delay. The Municipal Court agreed and denied his motion, stating that "the court is attributing [Gabbert's]

3

behavior as a reason for postponement of the trial." The court entered a finding that "it is [Gabbert's] actions that caused the delay." The court also noted that its normal practice is to vacate jury trial dates once an arrest warrant has been issued for the defendant's failure to abide by the conditions of release. Thus, the court explained that it should have vacated (rather than continued) the original September 16, 2009 trial date. The court stated that it would set a trial date once Gabbert appeared on the warrant.

¶8 Gabbert was arrested on the warrant on April 24, 2012. However, due to his failure to appear after posting bond on April 24, the Municipal Court issued a bench warrant on May 7. Gabbert was later arrested and appeared in court on August 24, 2012. The court set trial for October 17 and again ordered Gabbert's personal appearance.

¶9 Gabbert, through counsel, filed a motion to dismiss for lack of a speedy trial on October 16, 2012. He stated that he was not revisiting the denial of his motion under the speedy trial statute and was instead relying on the constitutional speedy trial test adopted in *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815. The Municipal Court heard arguments on the motion that same day. Gabbert contended that the City had not diligently prosecuted the case, specifically citing the delay in serving the August 10, 2009 arrest warrant. Gabbert acknowledged that he had failed to appear for hearings, but he asserted that he had no duty to bring himself to trial. Upon inquiry from the court regarding this latter point, Gabbert appeared to take the position that it was the City's duty to physically bring Gabbert into the courtroom for trial and that he could not be held accountable for the City's failure to do so. Gabbert further suggested that the court could have tried him in absentia in order to ensure that he received a speedy trial. In response,

4

the City argued that Gabbert had purposefully delayed the prosecution. The City noted that Gabbert had failed to comply with the conditions of his release, failed to appear at the show-cause hearing, failed to appear for the trial date scheduled for December 16, 2009, and failed to maintain weekly contact with his attorney. Moreover, the City represented that Gabbert had repeatedly given false names to officers and had failed to address the outstanding arrest warrant despite being aware of it—both of which had contributed to the delay.

¶10 The Municipal Court denied Gabbert's motion, reiterating its earlier reasoning that his conduct had caused the delay. A jury trial was held the next day (October 17, 2012). Gabbert was found not guilty of driving under the influence, but guilty of obstructing a peace officer and driving while license suspended. He received a six-month suspended sentence on the obstruction conviction and a six-month sentence, with all but ten days suspended, on the driving-while-suspended conviction.

¶11 Gabbert appealed the denials of his motions to dismiss. The District Court affirmed the Municipal Court's orders. The District Court reasoned that Gabbert had "stepped out of the process" by failing to appear for multiple Municipal Court proceedings and by remaining essentially at large for nearly three years. Noting that Gabbert had been ordered to maintain contact with his counsel and that his counsel had an ethical obligation to inform Gabbert of hearing dates, the court inferred that Gabbert's failure to attend the scheduled hearings indicated "that he had abandoned his defense of the case." The court observed that if institutional delay had been the sole reason for delaying trial beyond the six-month deadline, then Gabbert's motions to dismiss would

have merit. But the court concluded that Gabbert "elected to disengage, and by so doing assumed responsibility for any delay occasioned thereby."

## STANDARDS OF REVIEW

¶12    On appeal from a municipal court, the district court functions as an intermediate appellate court. Sections 3-5-303, 3-6-110, MCA. In its appellate capacity, the district court is confined to review of the record and questions of law. Section 3-6-110, MCA. When reviewing the decision of the district court in such an appeal, we review the case as if the appeal had originally been filed in this Court, applying the appropriate standard of review. *City of Helena v. Broadwater*, 2014 MT 185, ¶ 8, 375 Mont. 450, 329 P.3d 589.

¶13    Whether the constitutional or the statutory right to a speedy trial has been violated is a question of law. *State v. Zimmerman*, 2014 MT 173, ¶ 11, 375 Mont. 374, 328 P.3d 1132; *State v. Luke*, 2014 MT 22, ¶ 10, 373 Mont. 398, 321 P.3d 70. We review the trial court's legal conclusions to determine whether the court's interpretation of law is correct. *Zimmerman*, ¶ 11; *Luke*, ¶ 10. The trial court's underlying factual findings are reviewed to determine whether those findings are clearly erroneous. *Zimmerman*, ¶ 11; *Luke*, ¶ 10.

## DISCUSSION

¶14    *Were Gabbert's speedy trial rights violated by the delay in bringing him to trial?*

¶15    Gabbert argues that the Municipal Court and the District Court erred in their decisions. We begin with the denial of Gabbert's motion to dismiss filed December 14, 2009. That motion was made under § 46-13-401(2), MCA, which provides that a prosecution on a misdemeanor charge must be dismissed, with prejudice, if the defendant is not brought to trial within six months after entering his plea, unless (1) the trial has

6

been postponed upon the defendant's motion or (2) the State has shown "good cause" for the delay. Only the second, "good cause" factor is disputed in this case.

¶16 The assertion of a crowded docket, without more, is insufficient to establish good cause for delaying a misdemeanor trial beyond six months. *Broadwater*, ¶ 19. The City must demonstrate, by affidavit or otherwise, that it affirmatively attempted to provide the defendant with a trial within six months but that the status of the docket rendered it impossible to do so. *Broadwater*, ¶ 19. The City did not do that here. Nevertheless, the Municipal Court's crowded docket is not the only consideration in this case. In spite of the court's orders that he maintain weekly contact with counsel and that he personally appear at all court proceedings, Gabbert repeatedly failed to appear at court proceedings. It is a reasonable inference on the record before us that Gabbert either (1) kept himself deliberately ignorant of court dates by failing to maintain contact with his counsel or (2) simply chose not to attend court proceedings of which he was aware. Of particular concern, when Gabbert allegedly failed to comply with the conditions of his release and the Municipal Court set a show-cause hearing to address this matter, Gabbert failed to appear for that hearing, thus causing the Municipal Court to issue an arrest warrant. We agree with the District Court's assessment that Gabbert effectively abandoned his defense of the case.

¶17 Gabbert suggests that the Municipal Court should have proceeded to trial in his absence pursuant to § 46-16-122(1) and (2), MCA, so as to preserve his right to a speedy trial. Notably, Gabbert's counsel did not request that the court conduct a trial in absentia on December 16, 2009. However, that fact aside, we reject Gabbert's argument for more

7

fundamental reasons. First, while § 46-16-122, MCA, authorizes a defendant to be tried in absentia on a misdemeanor charge, doing so is within the court's discretion under the circumstances in subsection (2) of the statute, and is not required if good cause for a continuance exists under subsection (1) of the statute.[1] Here, the Municipal Court found that it was not appropriate to proceed with the trial given Gabbert's failure to appear at the show-cause hearing and the outstanding arrest warrant. Thus, § 46-16-122, MCA, does not apply. Second, Gabbert's argument implies that a defendant may use his right to be tried in a timely manner as a basis for ignoring trial court directives that he appear personally for all court proceedings. We reject this reasoning. A defendant's unjustified failure to appear for mandatory court hearings may constitute good cause for delaying his trial beyond the six-month deadline. *Luke*, ¶¶ 18-20. Here, Gabbert's repeated and unexplained failures to appear for scheduled court dates and the show-cause hearing constituted good cause for postponing his trial beyond the December 4, 2009 deadline. Thus, the December 14, 2009 motion was properly denied.

¶18 Turning to his motion to dismiss filed October 16, 2012, which was based on the four-factor *Ariegwe* test, Gabbert maintains that he had no duty to bring himself to trial

---

[1] This statute states:

(1) In a misdemeanor case, if the defendant fails to appear in person, either at the time set for the trial or at any time during the course of the trial and if the defendant's counsel is authorized to act on the defendant's behalf, the court shall proceed with the trial unless good cause for continuance exists.

(2) If the defendant's counsel is not authorized to act on the defendant's behalf as provided in subsection (1) or if the defendant is not represented by counsel, the court, in its discretion, may do one or more of the following: (a) order a continuance; (b) order bail forfeited; (c) issue an arrest warrant; or (d) proceed with the trial after finding that the defendant had knowledge of the trial date and is voluntarily absent.

Section 46-16-122(1), (2), MCA.

and that the City did not act diligently in prosecuting the case. It is true that a defendant is under no obligation to ensure diligent prosecution of the case against him or to help the State avoid dismissal for failure to timely prosecute him. *Zimmerman*, ¶ 18. The prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner, and this duty requires a good faith, diligent effort to bring him to trial quickly. *Zimmerman*, ¶ 18.

¶19 Critical in the present case, however, is the fact that Gabbert remained essentially at large for nearly the entire period of delay despite knowledge of the pending charge and the arrest warrant. Although relying heavily on *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686 (1992), for the proposition that negligence in serving a warrant is an unacceptable reason for delaying a criminal trial, Gabbert overlooks the fact that the defendant in *Doggett* did not know of the pending charges against him. The government claimed that Doggett knew of his indictment years before he was arrested. *Doggett*, 505 U.S. at 653, 112 S. Ct. at 2691. In addressing this contention, the Supreme Court stated: "Were this true, *Barker*'s third factor, concerning invocation of the right to a speedy trial, would be weighed heavily against him." *Doggett*, 505 U.S. at 653, 112 S. Ct. at 2691 (referring to the four-factor balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972)).[2] The Supreme Court concluded, however, that the record supported the finding by the lower courts that Doggett was unaware of the charges until his arrest. *Doggett*, 505 U.S. at 653, 112 S. Ct. at 2691.

---

[2] The *Ariegwe* test is modeled on *Barker*'s balancing test. *See Ariegwe*, ¶¶ 34-35.

¶20 Here, in contrast, Gabbert was well aware of the charges. Moreover, as a condition of his release, Gabbert was required to maintain weekly contact with his counsel. Gabbert's counsel was present for all court hearings and was aware of the arrest warrant and of hearings scheduled for future dates. As such, Gabbert had knowledge, through his counsel, of the arrest warrant and scheduled court dates, but simply chose to disengage from the process. He appeared in Municipal Court for arraignment and the omnibus hearing, but then failed to appear for any further proceedings, despite the court's order requiring his personal presence at all court proceedings, and despite the court's order specifically requiring him to appear and show cause for his failure to abide by the conditions of his release. The record in this case sufficiently establishes that Gabbert did not want to be brought to trial promptly. His belated complaints that his trial did not happen sooner or that the court did not proceed to trial in his absence ring hollow.

## CONCLUSION

¶21 The Municipal Court's denials of Gabbert's motions to dismiss are supported by the record and are consistent with established law governing the right to a speedy trial. Gabbert's rights to a speedy trial were not violated. The District Court correctly refused to reverse the Municipal Court's decisions.

¶22 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT