2016 ND 58

**CITY OF GRAND FORKS,**
Plaintiff and Appellee

v.

**Jason William GALE, Defendant
and Appellant.**

No. 20150204.

Supreme Court of North Dakota.

March 15, 2016.

702

Kristi Pettit Venhuizen, City Prosecutor, Grand Forks, ND, for plaintiff and appellee.

Scott P. Brand, Fargo, ND, for defendant and appellant.

Erica J. Shively, Bismarck, ND, for amicus curiae North Dakota Association of Criminal Defense Lawyers.

KAPSNER, Justice.

[¶ 1] A jury found Jason Gale guilty of driving under the influence. He appeals from the criminal judgment. We conclude his constitutional right to a speedy trial was violated, and we reverse the judgment.

I.

[¶ 2] Gale was cited for driving under the influence on April 20, 1995. He retained attorney Henry Howe. Howe requested Gale sign a "limited power of attorney" that authorized Howe to appear in court on Gale's behalf. Gale signed the power of attorney, and it was filed with the district court. Howe requested a jury trial. Although the record does not contain information regarding plea negotiations that presumably took place, a sentencing hearing was scheduled for June 21, 1995.

Gale failed to appear at the sentencing hearing, despite the court having mailed him three notices stating he was required to appear personally. After Gale failed to appear, the court issued a warrant for his arrest.

[¶ 3] No subsequent action was taken on the case until March 5, 2015, when Gale filed a motion to recall the arrest warrant. The City of Grand Forks then filed an amended information, and Gale filed a motion to dismiss arguing his right to a speedy trial had been violated. The district court held a hearing on his motion. Gale asserted he was unaware of the pending case and bench warrant because Howe had told him the case was closed and that Gale's bond had been used to pay the associated fines. Gale claimed he was made aware of the open case when a pre-employment background check revealed the warrant. He asserted the City did not prosecute his case for twenty years despite the fact that he had appeared in North Dakota courts for various criminal and child support proceedings. Gale argued his address was on file with the state, and the City's failure to prosecute the matter amounted to a speedy trial violation. The City claimed it could not locate Gale because he moved to Colorado soon after he failed to appear. The City claimed it had no knowledge of Gale's whereabouts, he caused the delay, and there was no speedy trial violation. The district court found Gale's testimony incredible. The court reasoned Gale likely knew the case was pending but chose not to do anything about it. The court found it likely the only reason Gale took action in 2015 was because his employment opportunity was dependent upon resolution of the warrant. The court denied Gale's motion to dismiss.

[¶ 4] A jury trial was held on July 7, 2015. The arresting officer was the only witness to testify. Although the officer

remembered some of the incident, his testimony was based largely on a report he had written after the arrest. No blood-alcohol test evidence was admitted. The jury found Gale guilty, and the district court sentenced him in accordance with 1995 DUI laws. Gale filed a timely appeal. He argues he was convicted and sentenced in violation of his state and federal constitutional rights to a speedy trial.

## II

■ [¶ 5] The Sixth Amendment to the United States Constitution and article 1, section 12 of the North Dakota Constitution guarantee the right to a speedy trial. "[T]he right to speedy trial is a more vague concept than other procedural rights." *Barker v. Wingo*, 407 U.S. 514, 521, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers v. Haubert*, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905). It has been called "amorphous, slippery, and necessarily relative." *Vermont v. Brillon*, 556 U.S. 81, 89, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009). It is impossible to determine when the right has been denied with precision. *Barker*, at 521, 92 S.Ct. 2182. Nonetheless, "[t]he history of the right to a speedy trial and its reception in this country clearly establish that it is one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 225, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

■ [¶ 6] The United States Supreme Court has developed a four-factor test to determine whether the right to a speedy trial has been violated: (1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the prejudice to the accused. *Barker*, 407 U.S. at 530, 92 S.Ct. 2182. *See also State v. Moran*, 2006 ND

62, ¶ 8, 711 N.W.2d 915. No single factor is controlling; the court must weigh "all the factors in a 'difficult and sensitive balancing process.'" *State v. Runck*, 418 N.W.2d 262, 265 (N.D.1987) (quoting *State v. Wunderlich*, 338 N.W.2d 658, 660 (N.D. 1983)). *See also Barker*, at 531–33, 92 S.Ct. 2182.

■ [¶ 7] Rule 48(b), N.D.R.Crim.P., allows the district court to dismiss a case when there has been an unnecessary delay in bringing a defendant to trial:

The court may dismiss an indictment, information or complaint, or order the release of any arrested person if unnecessary delay occurs in:

. . . . .

(4) bringing a defendant to trial.

"Although Rule 48(b) is separate from the Sixth Amendment of the United States Constitution, the factors considered by the trial court in granting relief pursuant to Rule 48(b) parallel speedy trial factors under the United States Constitution." *Runck*, 418 N.W.2d at 265.

■ [¶ 8] When an appellant raises a speedy trial issue, we review the district court's findings of fact under a clearly erroneous standard; we review its speedy trial determination de novo. *Moran*, 2006 ND 62, ¶ 8, 711 N.W.2d 915. *See also United States v. Erenas–Luna*, 560 F.3d 772, 776 (8th Cir.2009) ("We review the district court's findings of fact on whether a defendant's right to a speedy trial was violated for clear error but review its legal conclusions de novo.") (quoting *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir.2007)).

### A

■ [¶ 9] "The first factor, the length of delay, defines a threshold in the inquiry: there must be a delay long enough to be presumptively prejudicial."

*United States v. Loud Hawk*, 474 U.S. 302, 314, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). "If the delay is longer than the delay usually allowed for criminal prosecutions, the delay is presumptively prejudicial, and a court must complete a speedy-trial analysis.... A presumptively prejudicial delay alone does not create a speedy-trial violation, and the other factors must still be weighed." *Moran*, 2006 ND 62, ¶ 9, 711 N.W.2d 915 (citation omitted). *See also Wunderlich*, 338 N.W.2d at 661 ("the length of the delay is not controlling by itself").

[¶ 10] The delay in this case was approximately twenty years. We have called a thirteen-month delay "considerable." *See State v. Littlewind*, 417 N.W.2d 361, 364 (N.D.1987). We have concluded a seventeen-month delay was "significant." *See Runck*, 418 N.W.2d at 265. And the United States Supreme Court has described a delay of eight-and-a-half years as "extraordinary." *See Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Twenty years is longer than all of these delays. It is also clearly longer than the time normally required to prosecute a DUI case; the City concedes this point and agrees the delay gives rise to a presumption of prejudice. This factor weighs heavily in Gale's favor.

### B

[¶ 11] The second factor is the reason for the delay. "A defendant has no duty to bring himself to trial; the state has that duty...." *Barker*, 407 U.S. at 527, 92 S.Ct. 2182. However, if the defendant causes the delay, this factor weighs against him. *Moran*, 2006 ND 62, ¶ 10, 711 N.W.2d 915. The reason for the delay is closely related to the last factor: prejudice to the defendant. The defendant's burden under that factor depends on the government's diligence in bringing the case forward:

If the government diligently pursues a defendant from indictment to arrest, a speedy trial claim will always fail without a showing of actual prejudice. On the other hand, if the Government intentionally held back in its prosecution to gain some impermissible advantage at trial, that fact weighs heavily against the Government. The middle ground between diligent prosecution and bad-faith delay is government negligence in bringing an accused to trial.

*United States v. Cardona*, 302 F.3d 494, 497 (5th Cir.2002) (citations omitted); *See also Brillon*, 556 U.S. at 90, 129 S.Ct. 1283. We have explained the defendant's burden under the prejudice prong is determined by the government's diligence:

When the State diligently pursues the defendant, the defendant must prove actual prejudice. When the State intentionally delays prosecution because of a bad-faith motive, prejudice is presumed. When the State has been negligent by not diligently pursuing the defendant .... the weight of the other factors and the length of the delay controls whether prejudice must be actual or may be presumed.

*Moran*, at ¶ 18 (citations omitted).

[¶ 12] The City argues Gale caused the delay. It claims Gale was aware of the scheduled sentencing hearing because he received three notices to appear. It asserts that despite the notices, Gale did not appear in court and later moved out of the state. Gale argues he was unaware he needed to appear or that a warrant was issued because he had signed a power of attorney that authorized Howe to appear for him in court. Gale claims Howe informed him the case had been closed. Moreover, Gale claims, the City failed to execute its warrant even though

Gale appeared in North Dakota courts in a number of unrelated legal proceedings and his address was on file with the state. The district court found Gale's claims "incredible" and that he was aware of the open case and warrant. The court concluded Gale likely took no action on the open case until now because this was the first occasion in which his employment was dependent upon its resolution. The court did not address the government's diligence in bringing the case forward; it weighed this factor against Gale.

■ [¶ 13] Much of the district court's analysis under this factor focused on whether Gale was actually aware of the pending case and warrant, rather than allocating culpability for the delay between the parties. Analysis concerning Gale's knowledge of the case and the time frame in which he decided to take action is more appropriate under the next factor: the accused's assertion of his right. Awareness of pending charges is different from causing pretrial delay. While Gale may have been aware of the pending case and warrant, "[i]t is axiomatic that a defendant has no duty to bring himself to trial." *Berry v. State*, 93 P.3d 222, 231 (Wyo.2004). *See also Barker*, 407 U.S. at 527, 92 S.Ct. 2182 ("A defendant has no duty to bring himself to trial; the State has that duty...."); *State v. Griffin*, 760 N.W.2d 336, 340 (Minn.Ct.App.2009) ("The state and the courts have the burden of ensuring speedy trials for criminal defendants.").

■ [¶ 14] The district court did not find Gale intentionally avoided prosecution, but it did find he was absent from the state at "precisely the time that the attempts to serve the warrant *would have* been most active." (Emphasis added). But the court made no findings regarding whether the City *actually* pursued the case. The record shows three notices to appear at sentencing were sent to Gale's address before the warrant was issued. But it contains no evidence indicating the City attempted to locate Gale, contact his attorney, or execute the warrant. We recognize law enforcement may be unable to locate and detain defendants who flee the state or otherwise avoid prosecution, but the burden is on the government to prove it affirmatively pursued the case. "The government must actively try to serve a warrant, or it risks being negligent for not diligently pursuing the accused." *Moran*, 2006 ND 62, ¶ 10, 711 N.W.2d 915. If the government is negligent by not diligently pursing the accused, this factor weighs against it. *Id.* ("The factor also weighs against the State if the State is negligent by not diligently pursuing prosecution."). *See also Doggett*, 505 U.S. at 656, 112 S.Ct. 2686 ("[I]f the Government had pursued Doggett with reasonable diligence from his indictment to his arrest, his speedy trial claim would fail.").

■ [¶ 15] In other words, the government may not cease prosecution simply because the defendant has failed to appear. The case *City of Kalispell v. Gabbert*, 377 Mont. 17, 338 P.3d 51 (2014), illustrates this point. Gabbert was arrested on June 4, 2009, for driving under the influence of alcohol, obstructing a peace officer, and driving while his license was suspended. *Id.* at 53. Gabbert was released on bail. *Id.* The municipal court issued a number of notices to appear that stated: *"YOUR PERSONAL PRESENCE IS REQUIRED." Id.* (emphasis in original). Despite these notices, Gabbert failed to appear, and the municipal court issued a warrant for his arrest on August 10, 2009. *Id.* Gabbert was arrested on April 24, 2012, and he moved to dismiss his case based on speedy trial grounds. *Id.* at 53–54. The municipal court denied his motion, and Gabbert appealed to the district court; the district court affirmed. *Id.* at

54. On appeal, the Montana Supreme Court noted: "It is true that a defendant is under no obligation to ensure diligent prosecution of the case against him or to help the State avoid dismissal for failure to timely prosecute him." *Id.* at 55–56. However, the Montana Supreme Court affirmed the lower courts' rulings concluding "Gabbert remained essentially at large for nearly the entire period of delay despite knowledge of the pending charge and the arrest warrant." *Id.* at 56.

[¶16] In this case, like in *Gabbert*, the district court found Gale was aware of the charges but failed to appear. But, unlike *Gabbert*, the City ceased prosecution after Gale did not appear. In *Gabbert*, the municipal court continued to hold hearings on the case even after Gabbert failed to appear. 338 P.3d at 53. The court issued a warrant for Gabbert's arrest. *Id.* Law enforcement acted on the warrant, and Gabbert was arrested. *Id.* In the present case, however, once Gale failed to appear and an arrest warrant was issued, there is no evidence the City took any further action. No hearings were held, and there is no evidence the City attempted to contact Gale's attorney, nor is there evidence law enforcement tried to locate Gale or execute the warrant. No action was taken on the case until twenty years later when Gale filed a motion to recall the warrant. We will not excuse defendants on speedy trial grounds when they purposefully evade prosecution, but we also cannot excuse the government when it does not fulfill its burden of diligent prosecution. "The prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner, and this duty requires a good faith, diligent effort to bring him to trial quickly." *Id.* at 55–56. This factor "weighs against the State if the State is negligent by not diligently pursuing prose-cution." *Moran*, 2006 ND 62, ¶10, 711 N.W.2d 915. There is no evidence the City took any action on Gale's case until he filed his motion to recall the warrant. We weigh this factor in Gale's favor.

### C

[¶17] The third factor is "whether, in due course, the defendant asserted his right to a speedy trial...." *Doggett*, 505 U.S. at 651, 112 S.Ct. 2686. Gale's knowledge of the pending case is relevant here. "'Failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.' When a defendant does not know of the charge against him, not asserting the right until after arrest cannot weigh against him." *Moran*, 2006 ND 62, ¶15, 711 N.W.2d 915 (citation omitted) (quoting *Barker*, 407 U.S. at 532, 92 S.Ct. 2182). The City argues this factor weighs in its favor because Gale knew of the pending case but never asserted his right to a speedy trial. Gale concedes he never asserted his right. However, Gale claims he was unaware the case was still pending. In speedy trial cases, we review the district court's findings of fact under a clearly erroneous standard. *Moran*, at ¶8. The district court found Gale was aware of the case. The court's finding is supported by the evidence and not clearly erroneous. We defer to its finding. Because Gale was aware of the pending case, but did not assert his right to a speedy trial until twenty years later, this factor favors the City.

[¶18] The fourth factor is prejudice to the defendant. The United States Supreme Court has instructed this factor be assessed in light of the interest the right to a speedy trial was meant to protect: "(i) to prevent oppressive pretrial incarcera-

tion; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532, 92 S.Ct. 2182. *See also Moran*, 2006 ND 62, ¶ 17, 711 N.W.2d 915. The first element of this factor, prevention of oppressive pretrial incarceration, is not applicable here; Gale was not incarcerated prior to trial. The second factor, minimization of the accused's anxiety and concern, is also insignificant in this case; Gale asserts he was unaware of the pending case while it was delayed. He does not claim he experienced any anxiety or concern until the charge was brought to light twenty years later.

 [¶ 19] The last factor, impairment of the accused's defense, is relevant in this case. Gale claims his defense was significantly impaired. He asserts his efforts to cross-examine the arresting officer, who was the only witness at trial, were hampered because the officer did not remember anything about the incident that was not included in the arrest report, which was prepared for the purpose of prosecuting Gale. Gale asserts "[t]here can be no effective cross-examination of a witness who remembers little to nothing outside his report." The City also argues its case was prejudiced; it argues it was unable to utilize blood-test results because of foundation issues and thus "was left to prosecute a case based on an officer who had very little specific recollection of the event and was relying primarily on a report he had prepared twenty years earlier." The City maintains it was not negligent in its prosecution, and it argues Gale must show actual prejudice—something it asserts he has not done.

 [¶ 20] We recognize prejudice is often difficult to prove, and we acknowledge "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett*, 505 U.S. at 655, 112 S.Ct. 2686.

*Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. And though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.

*Id.* (citations omitted). *See also Moran*, 2006 ND 62, ¶ 18, 711 N.W.2d 915 (the longer the delay, the greater the presumption of prejudice).

 [¶ 21] The district court did not address the City's diligence in pursuing Gale's case. As discussed above in paragraph 11, in order for us to determine Gale's burden under this factor, we must determine whether the City was diligent, acted in bad faith, or was negligent in its prosecution. If the City was diligent in its prosecution, Gale must show actual prejudice. If the government delayed prosecution in bad faith, prejudice is presumed. If the government was negligent in its prosecution, the weight of the evidence controls whether the prejudice must be actual or presumed. *See Moran*, 2006 ND 62, ¶ 18, 711 N.W.2d 915. The record contains no evidence the City acted in bad faith; nor is there any evidence the City diligently pursued the case. Absent any indication the City took affirmative steps to move the case forward, we conclude its

prosecution was negligent. We acknowledge Gale's presence within the state was inconsistent, and he ultimately maintained residency elsewhere. But we cannot presume a twenty-year-old DUI case was diligently prosecuted when there is no evidence of any prosecution at all.

[¶ 22] "When the State has been negligent by not diligently pursuing the defendant, such as in this case, the weight of the other factors and the length of the delay controls whether prejudice must be actual or may be presumed." *Moran*, 2006 ND 62, ¶ 18, 711 N.W.2d 915. After having weighed the other factors, we conclude Gale is entitled to a presumption of prejudice. The delay here was twenty years; this is an unprecedented amount of time for a DUI case to remain idle. The reason for the delay is less clear. Gale failed to appear at the sentencing hearing and was frequently absent from the state. But there is no evidence the City took any measures to prosecute the case after the arrest warrant had been issued. Both parties share culpability for the delay. However, the government must diligently prosecute its charges; the accused is not responsible for bringing himself to trial. We weigh the second factor against the City. The third factor weighs against Gale; he did not assert his right to a speedy trial until twenty years after he was charged. While he maintains he had no knowledge of the pending case and thus should be excused, the district court found otherwise. We defer to its finding; Gale's failure to assert his right weighs against him.

[¶ 23] Because Gale is entitled to a presumption of prejudice under the fourth factor, the City has not rebutted that presumption, and two of the other three factors weigh in his favor, we hold Gale's right to a speedy trial was violated.

III

[¶ 24] We reverse the criminal judgment.

[¶ 25] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.