# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 220

State of North Dakota,                                   Plaintiff and Appellee

    v.

Bradley Alan Graff,                                      Defendant and Appellant

### No. 20230409

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Robert N. Togni (argued) and Gabrielle J. Goter (appeared), Assistant State's Attorneys, Bismarck, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Bradley Graff appeals from an amended criminal judgment dismissing the case without prejudice. Graff argues the district court erred in dismissing the case without prejudice following a finding of prosecutorial misconduct. We affirm, concluding the court did not abuse its discretion in dismissing the underlying case without prejudice.

I

[¶2]   The factual and procedural history of this case was provided in our opinion resolving an earlier appeal. *See State v. Graff*, 2023 ND 127, ¶ 3, 993 N.W.2d 334 ("*Graff I*"). In summary, Graff was charged with gross sexual imposition involving a victim under the age of 15. *Id*. at ¶ 2. Prior to trial, the district court granted a motion in limine finding Graff's prior convictions and status as a sex offender would be inadmissible evidence at trial. *Id*. at ¶ 3. During the subsequent trial, the court found the State's examination of one of the witnesses violated the court's order excluding from evidence Graff's prior convictions and status as a sex offender. *Id*. Graff's motion for a mistrial and dismissal with prejudice was granted. *Id*.

[¶3]   In the prior appeal, the State argued the district court had abused its discretion by dismissing the charge with prejudice because it did not properly determine whether the State acted in bad faith, with the intent to harass, or through prosecutorial misconduct, and did not discuss lesser alternative sanctions to dismissal with prejudice. *Graff I*, 2023 ND 127, ¶ 6. We reversed and remanded the case to the court to determine whether there was clear and convincing evidence the State acted in bad faith, with the intent to harass, or through prosecutorial misconduct, and whether lesser sanctions existed and were appropriate alternatives to dismissal with prejudice. *Id*. at ¶ 10.

[¶4]   On remand, the district court held an evidentiary hearing. At the hearing, the State called the witness whose questioning at trial led to the dismissal of the case. The witness testified about his pretrial preparations with the prosecution

and his reasons for providing testimony in the manner that he did at trial. The witness testified he met with the prosecutor and discussed the court's order to exclude prior convictions and that the preparation did not include a discussion of ways to circumvent or overcome the order. The witness also explained his answer to the State's question, why Graff lied about being around the children, that led to dismissal of the case. The witness indicated that he used the phrase "because of his past" to leave the response as vague as possible to avoid violating the court's order excluding Graff's prior convictions and status as a sex offender.

[¶5]   The district court found, by clear and convincing evidence, that the State engaged in prosecutorial misconduct, which was sufficiently prejudicial to violate Graff's due process rights. However, the court found the State's misconduct was not malicious and was not an attempt to delay the trial or obstruct the trial process. From those findings, the court determined that dismissal without prejudice was appropriate. On appeal, Graff asserts the court abused its discretion in ordering the dismissal of the underlying case without prejudice.

II

[¶6]   "A district court's decision on a motion to dismiss a criminal case without prejudice is reviewed for an abuse of discretion." *State v. Mohamud*, 2019 ND 101, ¶ 5, 925 N.W.2d 396. "A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law." *City of Fargo v. Levine*, 2008 ND 64, ¶ 5, 747 N.W.2d 130 (quoting *Leet v. City of Minot*, 2006 ND 191, ¶ 7, 721 N.W.2d 398).

[¶7]   Generally, "[d]ismissal with prejudice is a remedy that should only be used in extreme circumstances." *State v. Tweeten*, 2004 ND 90, ¶ 16, 679 N.W.2d 287. "Although the district court has some supervisory control over dismissals, the district court should not dismiss a case with prejudice unless the court has had an opportunity to determine issues of bad faith, harassment, or misconduct." *Id*. at ¶ 9. A court must make a finding of bad faith, harassment, or prosecutorial

misconduct, and this finding must be supported by clear and convincing evidence. *Id*. at ¶¶ 10, 16.

## III

[¶8] The State does not challenge the district court's finding that the questioning at issue was prosecutorial misconduct or that a mistrial, without prejudice, is not an appropriate remedy. Graff does not challenge the court's findings, but has limited his argument to the assertion it was an abuse of discretion to dismiss the underlying case without prejudice after finding the State had engaged in prosecutorial misconduct.

[¶9] The district court made the following findings after the evidentiary hearing: that before the jury was impaneled, the court asked the State if its witnesses were instructed that they are not to make any mention of past events or that Graff has been a registered sex offender and the State responded that it had; despite this clear understanding of the court's order in limine, the State posed a question that served no purpose other than to introduce to the jury the inference or suggestion that Graff's past acts or offenses excluded him from being around children without other adult supervision; the question was not asked to attack credibility or show that Graff was deceptive but to suggest to the jury that he was a registered sex offender; that the State acknowledged it had reviewed the video of the law enforcement interview of Graff multiple times and did so specifically to edit out references to Graff's sex offender status and history; that the State was well aware that the witness's truthful answer to the question would be that Graff stated during the interview he lied to protect the mother "because of his past," referring to his prior sex offenses and status as a sex offender; that this conduct was an attempt by the State to contravene its order in limine; that the State's misconduct necessitated a mistrial, which resulted in an unnecessary delay in bringing the defendant to trial; and that there was convincing evidence that the State engaged in prosecutorial misconduct.

[¶10] In light of the findings summarized in the prior paragraph of this opinion, the district court determined it was necessary to analyze what would be an appropriate sanction for the State's prosecutorial misconduct. The court

acknowledged that at the time of trial, it was not aware of the pre-trial preparations the State engaged in with the witness. The court found that the State attempted to inform the witness of the court's order in limine and prepared him accordingly. The court further found that the State's violation of the order was not due to a failure to prepare the witness and was not an attempt to present testimony in violation of the order. The court noted in its findings that many of the concerns the court had when it initially dismissed the case with prejudice were alleviated following the evidentiary hearing.

[¶11] The district court's order notes a specific concern regarding the delays caused in bringing the case to trial and Graff's request for a speedy trial. Although not determining the question of whether or not there had been a speedy trial violation, an issue not raised by Graff, the court applied the four-factor test we have held applies to the determination of whether the right to a speedy trial has been violated to guide the court in its determination of an appropriate sanction: (1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the prejudice to the accused. *City of Grand Forks v. Gale*, 2016 ND 58, ¶ 6, 876 N.W.2d 701. After factual findings on each of the factors, the court determined the State's misconduct at trial resulted in an unnecessary delay in bringing Graff to trial.

[¶12] In light of the findings outlined above, the district court analyzed whether lesser sanctions were available and appropriate alternatives to dismissal with prejudice. The court noted Graff did not provide any evidence at the evidentiary hearing to demonstrate extreme circumstances that would justify the court to persist with its prior order of a dismissal with prejudice and, as consistent with our prior recognition, that "[d]ismissal with prejudice is a remedy that should only be used in extreme circumstances." *Tweeten*, 2004 ND 90, ¶ 16. The court noted it had not found the State's misconduct to be malicious, it was not part of a "grand scheme" to delay the trial or obstruct the trial process, and the State had not acted in bad faith or committed harassment of Graff. Based on its findings, and the lack of evidence, the case presented did not show extreme circumstances sufficient to justify dismissal with prejudice. The court determined dismissal without prejudice adequately addresses the prosecutor's misconduct and any unnecessary delay it caused in bringing Graff to trial.

[¶13] Our review of the district court's decision to dismiss the underlying case without prejudice is limited to the determination of whether the court abused its discretion. *Mohamud*, 2019 ND 101, ¶ 5. After a review of the record and the court's thoughtful and thorough findings, we conclude the court did not act arbitrarily, unconscionably, or unreasonably, its decision was the product of a rational mental process leading to a reasoned determination, and the court did not misinterpret or misapply the law. We affirm.

[¶14] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr