IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 75

State of North Dakota,                                    Plaintiff and Appellee

v.

Christopher Walter James Allman,                         Defendant and Appellant

No. 20240250

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Nathan K. Madden, Special Assistant State's Attorney, Williston, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Christopher Allman appeals from a criminal judgment entered after a jury trial. He argues the district court erred by ordering him to undergo a criminal responsibility evaluation; by failing to order an evaluation of his fitness to stand trial; by violating his right to a speedy trial; and by sentencing him without giving proper credit for time served. We affirm.

I

[¶2]   In March 2023, the State alleged Allman repeatedly assaulted his wife and their live-in girlfriend, locked them in a room, and refused to allow them to leave the residence. The State charged Allman with three counts of domestic violence, two counts of felonious restraint, and two counts of terrorizing. Allman also faced charges in another criminal case. *See* 27-2023-CR-0267. The parties stipulated Allman undergo a mental health examination and submitted a proposed order. The judge presiding over the other criminal case signed the proposed order and it was filed in this case. The order directs a mental health professional at the North Dakota State Hospital to conduct an examination to determine:

> "1) whether the Defendant is not criminally responsible for his conduct by reason of mental disease or defect at the time of the alleged offense; and 2) whether a mental disease or defect or any other mental condition has a bearing on the issue of whether the Defendant had the mental state required for the offense charged."

[¶3]   The district court held multiple status conferences. The parties agree significant delay was caused by the Veterans Administration not releasing Allman's records to the State Hospital. The State alleges Allman delayed signing a required release. Allman asserts the delay should not have occurred because, unlike his trial counsel, he did not want to raise a lack of criminal responsibility defense. The State Hospital ultimately performed a mental health examination

on June 20, 2023, and the evaluation report was completed on August 15, 2024. The report concludes Allman did not suffer from a mental condition that would preclude criminal liability.

[¶4] The case proceeded to a jury trial on August 19, 2024, roughly a year and a half after Allman was charged. A jury returned guilty verdicts on all counts. The district court sentenced Allman to consecutive five-year terms of imprisonment on the first six counts. On the last count, the court sentenced Allman to a five-year term, with three years and 94 days suspended, giving him credit for 636 days of time served. Allman filed a timely notice of appeal. He raises four categories of error related to the criminal responsibility evaluation, his fitness to stand trial, his right to a speedy trial, and the legality of his sentence.

II

[¶5] Allman claims the district court erred by ordering a criminal responsibility evaluation. He argues his attorney, the State, and the district court usurped his constitutional rights by agreeing he should undergo a criminal responsibility evaluation against his will. He asserts his right against self-incrimination was violated because he was forced to participate in the evaluation. He also claims his "fundamental constitutional right to maintain his innocence" was violated because assertion of the defense "effectively constitutes an admission of guilt."

[¶6] When a crime requires an individual to have acted willfully, the individual cannot be held criminally responsible if he or she "lacks substantial capacity to comprehend the harmful nature or consequences of the conduct, or the conduct is the result of a loss or serious distortion of the individual's capacity to recognize reality." N.D.C.C. § 12.1-04.1-01(a). A defendant intending to introduce a defense of lack of criminal responsibility must provide notice to the prosecution and file the notice with the court. N.D.C.C. § 12.1-04.1-03(1). The prosecuting attorney may request the court order the defendant undergo a mental health examination, or the parties may stipulate to an examination without a court order. N.D.C.C. § 12.1-04.1-05.

2

[¶7]   We review an appeal claiming a constitutional violation under the de novo standard of review. *City of Fargo v. Rockwell*, 1999 ND 125, ¶ 7, 597 N.W.2d 406. Under N.D.R.Crim.P. 52, "[a]ny error, defect, irregularity or variance that does not affect substantial rights must be disregarded." "The harmless error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence and promotes respect for the criminal process by focusing on the underlying fairness of the trial." *State v. Bertram*, 2006 ND 10, ¶ 31, 708 N.W.2d 913 (cleaned up) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

[¶8]   The district court did not err in entering the order because the parties stipulated to an examination. Allman has not provided us with authority, and we have found none, supporting the proposition that, by itself, obtaining an examination for lack of criminal responsibility equates to an admission of guilt. Further, Allman did not admit guilt in this case. The case went to trial, the contents of Allman's mental evaluation were not introduced into evidence, and a jury convicted him. If he was improperly forced to incriminate himself, the remedy would be suppression of that evidence. *State v. Stewart*, 1999 ND 154, ¶ 9, 598 N.W.2d 773 (stating "the remedy for violations of the privilege against self-incrimination . . . is suppression of a defendant's statements made after violation of [that] provision[]"). Therefore, Allman has not established the evaluation order affected his substantial rights.

III

[¶9]   Allman argues the district court erred by not ordering an evaluation of his fitness to stand trial.

[¶10] Criminal defendants are presumed fit to stand trial. N.D.C.C. § 12.1-04-04.1(1). A defendant that lacks fitness to proceed cannot be tried, convicted, or sentenced. N.D.C.C. § 12.1-04-04.1(2); *see also State v. Rolland*, 2024 ND 175, ¶ 8, 11 N.W.3d 761 ("It is well-established that due process prohibits the criminal prosecution of a defendant who is not competent to stand trial."). "Whenever there is reason to doubt the defendant's fitness to proceed, the court shall order

3

the defendant be examined by a tier 1a mental health professional." N.D.C.C. § 12.1-04-07(1).

[¶11] Allman asserts his rights were violated because he was allowed to stand trial "while potentially incompetent." Allman argues the circumstances relating to his potential lack of criminal responsibility raised a question about his competency. The parties' stipulation states, "counsel for the Defendant has come to realize that he may have some sort of mental health issue which may impact his fitness to stand trial, as well as questions about his competency at the time of the incidents." However, the proposed order Allman served on the State, which the district court signed, specifically sought a criminal responsibility evaluation and not an evaluation of his fitness to stand trial. Allman did not move or otherwise request a fitness evaluation. *See* N.D.R.Crim.P. 47(a) (requiring parties seeking a court order to make a motion).

[¶12] Aside from a single conclusory sentence in the stipulation, Allman has not identified any grounds to support his assertion that there was reason to doubt his fitness to stand trial or that he was actually unfit. The criminal responsibility evaluation report, completed shortly before trial, notes that during the interview Allman's speech was "rational, logical, and coherent," and he "was able to understand the questions asked of him and respond appropriately." The report also states Allman "claimed to not have a mental disorder" and there "were no indications from the records that he has a serious mental illness or defect." Allman does not claim the report is inaccurate or otherwise contest its findings. Throughout the course of these proceedings, Allman maintained he was fit to proceed. Based on this record, the district court did not err by not ordering a fitness evaluation.

IV

[¶13] Allman claims his right to a speedy trial was violated.

[¶14] The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, N.D. Const. art. I, § 12, and N.D.C.C. § 29-01-06(5). This Court has adopted the balancing test set out in *Barker v. Wingo*, 407 U.S. 514

4

(1972) to evaluate the validity of a speedy trial claim. *State v. Mohamud*, 2019 ND 101, ¶ 8, 925 N.W.2d 396. "The test requires consideration of four factors: (1) length of the delay, (2) reason for the delay, (3) proper assertion of the right, and (4) actual prejudice to the accused." *Id.* No single factor is controlling, and each factor must be weighed. *Id.* This Court conducts a de novo review of the district court's "overall assessment, but review[s] the court's factual findings for clear error." *State v. Peters*, 2022 ND 196, ¶ 5, 981 N.W.2d 874.

[¶15] Allman's trial began roughly a year and a half after Allman was charged. "Traditionally, a delay of one year or more is considered presumptively prejudicial, triggering the analysis. A presumptively prejudicial delay alone does not create a speedy-trial violation, and the other factors must still be weighed." *State v. Moran,* 2006 ND 62, ¶ 9, 711 N.W.2d 915. The first factor of the balancing test weighs in favor of Allman's claim because the delay was more than a year.

[¶16] "The second factor, the reason for the delay, is closely related to the first factor." *Moran*, 2006 ND 62, ¶ 10. The parties agree significant delay was caused by the Veterans Administration not releasing Allman's records to the State Hospital. The State also argues Allman delayed signing the requisite release. Allman asserts the delay should not have occurred in any event because, unlike his trial counsel, he had no desire to raise a lack of criminal responsibility defense. The State Hospital ultimately performed a mental health examination on June 20, 2023, and the evaluation report was completed on August 15, 2024. This factor weighs against Allman's claim because the delay was not due to the State's conduct or inaction.

[¶17] The third factor considers whether Allman timely asserted a speedy trial demand. Allman acknowledges he did not make a speedy trial demand but nonetheless claims the issue was before the court. In his words, "While Mr. Allman's defense counsel did not make an objection based on speedy trial, and agreed to continuances to obtain the criminal responsibility evaluation, Mr. Allman repeatedly objected to the delay . . . and made two motions on the record to dismiss because of the delay." Allman quotes transcripts where he personally

5

stated: "I motion to dismiss because they are dragging this out," and "Now I'm asking for either my case to be dismissed due to lack of progress."

[¶18] The speedy trial issue was not properly raised in the district court. Allman's personal requests made while he was represented by counsel are not sufficient. A defendant in a criminal proceeding has no right to "hybrid" representation where the defendant personally acts as co-counsel. *State v. Ochoa*, 2004 ND 43, ¶ 29, 675 N.W.2d 161. To represent himself, a defendant must "voluntarily, knowingly, and intelligently relinquish the benefits of counsel." *State v. Schneeweiss*, 2001 ND 120, ¶ 26, 630 N.W.2d 482. "[W]hen a defendant is represented by counsel, the defendant generally has no authority to file *pro se* motions, and the court should not consider them." *People v. James*, 841 N.E.2d 1109, 1113 (Ill. App. Ct. 2006) (emphasis in original); *see also Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (stating "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel") (emphasis in original). Therefore, the right to a speedy trial was not properly asserted in the district court and this factor weighs against Allman's claim.

[¶19] The fourth factor attempts to quantify prejudice to the accused that was caused by the delay. "The United States Supreme Court has instructed this factor be assessed in light of the interest the right to a speedy trial was meant to protect: '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *City of Grand Forks v. Gale*, 2016 ND 58, ¶ 18, 876 N.W.2d 701 (citing *Barker*, 407 U.S. at 532).

[¶20] Allman was subject to prolonged pretrial incarceration and no doubt experienced anxiety and concern about his detention. However, he has not provided evidence of actual prejudice or asserted with particularity how the delay impaired his defense. Absent a specific evidence of prejudice, Allman has failed to meet his burden to show this fourth factor supports his claim.

[¶21] After reviewing the record, we are not convinced Allman's right to a speedy trial was violated.

V

[¶22]   Allman claims the district court imposed an illegal sentence. He claims the district court erred because it allocated his credit for time served to only one of his consecutive terms of imprisonment. This Court has rejected the same argument in other cases. *See State v. Neva*, 2009 ND 127, ¶ 8, 767 N.W.2d 879 ("A district court need give credit toward only one of the consecutive terms of imprisonment it imposes."); *see also State v. Arcand*, 403 N.W.2d 23, 24 (N.D. 1987) (rejecting defendant's argument that he was entitled to credit "against each sentence imposed" and stating "[w]hen [a] balance is consumed, nothing remains"). Allman also asserts, without explanation, the district court improperly "removed the good time" from his other terms of imprisonment. However, for each count, the judgment clearly states Allman "is entitled to sentence reduction as authorized by state law." We summarily affirm the legality of Allman's sentence under N.D.R.App.P. 35.1(a)(7) and (8).

VI

[¶23]   Allman has not shown the district court erred by ordering him to undergo a criminal responsibility evaluation, by failing to order an evaluation of his fitness to stand trial, or that it denied his right to a speedy trial. Allman's assertion regarding the legality of his sentence is foreclosed by precedent. The district court's criminal judgment is affirmed.

[¶24]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

7